# THE DISTRICT COURT OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 18-00010 |
|---|---|
| Plaintiff, | **ORDER ON DEFENDANT WALKER'S MOTION TO DISMISS COUNTS 14-44, 70, AND 76 (ECF NO. 910)** |
| vs | |
| JOHN D. WALKER, MARVIN REED, KENNETH R. CROWE, PHILLIP T. KAPP, RANDALL ROGERS, HANSEN HELICOPTERS, INC., AND SPARES, INC., | |
| Defendants. | |

Defendant Walker has filed six motions seeking to dismiss Counts 1, 8-11, 14-44, 70, 76, 94, 98, 100-104 from the 110-count Second Superseding Indictment. The court held oral argument on all six motions on August 25, 2021. For the reasons that follow, the court will deny Defendant's motion to dismiss Counts 14-44, 70, and 76. ECF No. 910.

**I.     Procedural Background**

In this case, the Government alleges Defendants operated a helicopter-leasing business without obtaining proper accreditation and licensure for their aircraft, aircraft parts, mechanics, and pilots. Defendants allegedly covered up these violations by forging documents, counterfeiting aircraft parts, and bribing a member of the Federal Aviation Administration. The Government filed the first Indictment on May 30, 2018, listing twenty-three counts against four

defendants. ECF No. 1. On December 12, 2019, the Government filed a Superseding Indictment, listing eighty-one counts against six defendants. ECF No. 369. On January 8, 2021, the Government filed the Second Superseding Indictment, listing 110 counts against eight defendants. ECF No. 862. Now, Defendant Walker has filed six motions seeking to dismiss Counts 1, 8-11, 14-44, 70, 76, 94, 98, 100-104 from the 110-count Second Superseding Indictment. ECF Nos. 910, 911, 912, 918, 928, and 949.

This order only pertains to Defendant's motion to dismiss Counts 14-44, 70, and 76 (ECF No. 910), as joined by Defendants Crowe, Kapp, Rogers, and Reed. *See* ECF Nos. 914, 915, 916, 919.

## II. Discussion

Counts 14-44, 70, and 76 allege violations of 49 U.S.C. § 46306(b)(8), which criminalizes the employment of unlicensed aircraft mechanics. Defendant argues these counts are barred by the applicable statute of limitations, which requires the Government to bring an indictment charging a non-capital offense within five years "after such offense shall have been committed." 18 U.S.C. § 3282.

The Government argues that the statute of limitations is irrelevant at this point as a "valid indictment does not need to provide specific allegations as to when a crime occurred, unless timing is an element of the offense." *Smith v. United States*, 568 U.S. 106 (2013). Furthermore, "[i]t has never been thought that an indictment, in order to be sufficient, need anticipate affirmative defenses." *United States v. Sisson*, 399 U.S. 267, 287 (1970). While the Government is correct, the statute of limitations is an affirmative defense that may be raised before trial as it is "capable of determination without a trial of the general issue." *United States v. Smith*, 866 F.2d 1092, 1095 (9th Cir. 1989). Whether the indictment is facially valid is different from whether the charges therein are barred by the statute of limitations, which is the issue Defendant

has raised in his motion.

Here, whether a crime is time-barred by 18 U.S.C. § 3282 depends on how much time passed between when the crime was committed and when the indictment for the crime was filed. "Generally speaking, the return of an indictment tolls the statute of limitations with respect to the charges contained in the indictment." *United States v. Liu*, 731 F.3d 982, 996 (9th Cir. 2013) (internal quotations omitted). Counts 14-44 of the Second Superseding Indictment each correlate to a count in the Superseding Indictment,[1] and a line-by-line comparison shows the two indictments present the same dates of employment, names of the employed individuals, and tail numbers of aircraft. Consequently, the filing of the Superseding Indictment[1] tolled the statute of limitations for these counts, meaning the cutoff date for Counts 14-44 is December 12, 2014 – five years before the Superseding Indictment was filed. In effect, this means the Government may prosecute Defendant for the crimes alleged in Counts 14-44 if the underlying criminal offenses were committed after December 12, 2014.

However, Counts 70 and 76 present a different cutoff date. They were newly brought in the Second Superseding Indictment and have no counterpart in the Superseding Indictment. Consequently, the applicable reach back period for those counts is to five years before the Government filed the Second Superseding Indictment. Thus, the Government may prosecute Defendant for the crimes alleged in Counts 70 and 76 if the underlying criminal offenses were committed after January 8, 2016.

As for when the crimes were committed, "[t]he statute of limitations begins to run when the crime is complete." *United States v. Smith*, 740 F.2d 734, 736 (9th Cir. 1984). Here, the crime alleged for all counts is the illicit employment of unlicensed mechanics. Defendant argues the crime was "completed," and thus the statute of limitations began to run, the moment the

---

[1] At oral argument, counsel for Defendant Walker conceded that the filing of the Superseding Indictment tolled the statute of limitations for these counts.

illicit employment began – essentially, the first day of the unlicensed mechanics' employment. Defendant argues to hold otherwise would require an interpretation that 49 U.S.C. § 46306(b)(8) is a "continuing crime."

However, "[t]he doctrine of 'continuing offense' has no applicability to a situation [] where the charged criminal conduct itself extends over a period of time." *United States v. Morales*, 11 F.3d 915, 918 (9th Cir. 1993); *United States v. Jaynes*, 75 F.3d 1493, 1507 (10th Cir. 1996) (a defendant can "be convicted of the offenses charged" if the defendant committed the crime at any point "within five years of the date of the indictment, even if some of the alleged acts [of criminality] would be barred by the statute of limitations.") (citations omitted). Here, § 46306(b)(8) criminalizes the "knowing and willful employment for service or use in any capacity any individual who does not have an airman's certificate authorizing that individual to work in that capacity." The crime is the "employment" of the unlicensed individual. It follows that if the term of employment extends over a period of time, the crime also extends over a period of time, and only "completed" when the term of employment has ended.

Consequently, the court holds that the statute of limitations for § 46306(b)(8) begins to run the moment the unlicensed mechanic ceases to be employed. To hold otherwise would allow a defendant to circumvent § 46306(b)(8) by employing an unlicensed mechanic for longer than five years. *See United States v. Neusom*, 159 Fed. Appx. 796, 798 (9th Cir. 2005) (holding that a district court did not plainly err in determining the statute of limitations had not expired for Social Security fraud when the defendant was "both continuing to receive improper payments and failing to disclose a death"). In sum, this means the Government may prosecute Defendant for employing an unlicensed mechanic if any portion of the employment term for that specific mechanic occurred inside the applicable time period.

Each of Counts 14-44, 70, and 76 state the name of the unlicensed mechanic Defendant

employed, along with specific dates of when Defendant employed the mechanic. Counts 23-44 list terms of employment that extended past the December 12, 2014 cutoff date. Thus, the statute of limitations would not bar these counts, as at least a portion of the criminal conduct occurred inside the five-year reach back period. On the other hand, Counts 14-22 allege terms of employment that ended before December 12, 2014. Furthermore, Counts 70 and 76 allege employment that ended before January 8, 2016. Thus, as alleged in the Second Superseding Indictment, it appears Counts 14-22, 70, and 76 fall outside the statute of limitations.

However, the Government contends the dates set forth in the Second Superseding Indictment are not the firm dates of employment, but only represent a specific point in time "for which the Government has evidence of a contract specifically identifying the mechanic." ECF No. 921 at 3. At oral argument, the court discussed the possibility of ordering a bill of particulars to establish the specific dates of employment of the named mechanics. After several of the prosecutors presented conflicting positions on this issue, ultimately, the Government stated that it would take no issue with providing the specific dates of illicit employment for these unlicensed mechanics.

Whether to order a bill of particulars is within the discretion of the district court. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). Consequently, the court will order the Government to file a bill of particulars as to the specific dates of employment for Counts 14-22, 70 and 76 sufficient for the parties to determine whether the statute of limitations bars any of the counts, as the dates alleged for these counts in the Second Superseding Indictment fall outside the applicable statute of limitations.

**III. Conclusion**

Given that the court cannot determine whether the underlying offenses in Counts 14-44, 70, and 76 fall outside the statute of limitations at this time, Defendant's motion to dismiss (ECF

No. 910) is **DENIED**. However, the court **ORDERS** the Government to file a bill of particulars setting forth the dates of employment which form the basis for Counts 14-22, 70, and 76 in the Second Superseding Indictment in sufficient detail to determine whether any of these counts are barred by 18 U.S.C. § 3282. Failure to file this bill of particulars by September 3, 2021 will result in automatic dismissal of Counts 14-22, 70, and 76.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
   **Chief Judge**
**Dated: Aug 27, 2021**

---

i

| Count in Second Superseding Indictment (Filed January 8, 2021, ECF No. 862) | Correlating Count in Superseding Indictment (Filed December 12, 2019, ECF No. 369) |
|---|---|
| Count 14 | Count 48 |
| Count 15 | Count 54 |
| Count 16 | Count 21 |
| Count 17 | Count 60 |
| Count 18 | Count 34 |
| Count 19 | Count 29 |
| Count 20 | Count 58 |
| Count 21 | Count 31 |
| Count 22 | Count 26 |
| Count 23 | Count 39 |
| Count 24 | Count 18 |
| Count 25 | Count 55 |
| Count 26 | Count 27 |
| Count 27 | Count 19 |
| Count 28 | Count 62 |
| Count 29 | Count 28 |
| Count 30 | Count 23 |
| Count 31 | Count 35 |
| Count 32 | Count 59 |
| Count 33 | Count 51 |

| | |
|---|---|
| Count 34 | Count 44 |
| Count 35 | Count 66 |
| Count 36 | Count 24 |
| Count 37 | Count 34 |
| Count 38 | Count 60 |
| Count 39 | Count 32 |
| Count 40 | Count 21 |
| Count 41 | Count 48 |
| Count 42 | Count 50 |
| Count 43 | Count 30 |
| Count 44 | Count 58 |
| Count 70 | No apparent counterpart |
| Count 76 | No apparent counterpart |