THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 18-00010 |
| Plaintiff, | **ORDER ON DEFENDANT WALKER'S MOTION TO DISMISS COUNT 94 (ECF NO. 911)** |
| vs | |
| JOHN D. WALKER, MARVIN REED, KENNETH R. CROWE, PHILLIP T. KAPP, RANDALL ROGERS, HANSEN HELICOPTERS, INC., AND SPARES, INC., | |
| Defendants. | |

Defendant Walker has filed six motions seeking to dismiss Counts 1, 8-11, 14-44, 70, 76, 94, 98, 100-104 from the 110-count Second Superseding Indictment. The court held oral argument on all six motions on August 25, 2021. For the reasons that follow, the court will deny Defendant's motion to dismiss Count 94. ECF No. 911.

**I.  Procedural Background**

In this case, the Government alleges Defendants operated a helicopter-leasing business without obtaining proper accreditation and licensure for their aircraft, aircraft parts, mechanics, and pilots. Defendants allegedly covered up these violations by forging documents, counterfeiting aircraft parts, and bribing a member of the Federal Aviation Administration. The Government filed the first Indictment on May 30, 2018, listing twenty-three counts against four

defendants. ECF No. 1. On December 12, 2019, the Government filed a Superseding Indictment, listing eighty-one counts against six defendants. ECF No. 369. On January 8, 2021, the Government filed the Second Superseding Indictment, listing 110 counts against eight defendants. ECF No. 862. Now, Defendant Walker has filed six motions seeking to dismiss Counts 1, 8-11, 14-44, 70, 76, 94, 98, 100-104 from the 110-count Second Superseding Indictment. ECF Nos. 910, 911, 912, 918, 928, and 949.

This order only pertains to Defendant's motion to dismiss Count 94 (ECF No. 911), as joined by Defendants Crowe, Kapp, Rogers, and Reed. *See* ECF Nos. 914, 915, 916, 919.

**II.     Discussion**

Count 94 alleges a violation of 49 U.S.C. § 46306(b)(8), which criminalizes the employment of unlicensed aircraft pilots. Defendant argues this count is barred by the applicable statute of limitations, which requires the Government to bring an indictment charging a non-capital offense within five years "after such offense shall have been committed." 18 U.S.C. § 3282.

Whether a crime is time-barred by 18 U.S.C. § 3282 depends on how much time passed between when the crime was committed and when the indictment for the crime was filed. Here, the Second Superseding Indictment was filed on January 8, 2021. ECF No. 862. Count 94 alleges that Defendant employed an unlicensed pilot from August 2015 through August 2016, and then again on May 24, 2018 along with "various other dates." ECF No. 862-9 at ¶ 114. While the precise dates of the employment are not alleged, at least a portion of the pilot's employment occurred within the five-year period preceding the filing of the Second Superseding Indictment. *See United States v. Jaynes*, 75 F.3d 1493, 1507 (10th Cir. 1996) (a defendant can "be convicted of the offenses charged" if the defendant committed the crime at any point "within five years of the date of the indictment, even if some of the alleged acts [of criminality] would be barred by

the statute of limitations.") (citations omitted). Consequently, at this time, the court cannot find that Count 94 is time barred.

### III. Conclusion

Defendant's motion to dismiss (ECF No. 911) is **DENIED**.

**SO ORDERED.**



    **/s/ Frances M. Tydingco-Gatewood**
           **Chief Judge**
    **Dated: Aug 27, 2021**