1
2
3
4
5
6
7

**THE DISTRICT COURT OF GUAM**

8  UNITED STATES OF AMERICA,

9  Plaintiff,

10  vs

11  JOHN D. WALKER, MARVIN REED,
12  KENNETH R. CROWE, PHILLIP T. KAPP,
   RANDALL ROGERS, HANSEN
13  HELICOPTERS, INC., AND SPARES,
   INC.,

14  Defendants.

CRIMINAL CASE NO. 18-00010

**ORDER ON DEFENDANT WALKER'S MOTION TO DISMISS COUNT 98 (ECF NO. 912)**

15      Defendant Walker has filed six motions seeking to dismiss Counts 1, 8-11, 14-44, 70, 76,

16  94, 98, 100-104 from the 110-count Second Superseding Indictment. The court held oral

17  argument on all six motions on August 25, 2021. For the reasons that follow, the court will deny

18  Defendant's motion to dismiss Count 98. ECF No. 912.

19  **I.    Procedural Background**

20      In this case, the Government alleges Defendants operated a helicopter-leasing business

21  without obtaining proper accreditation and licensure for their aircraft, aircraft parts, mechanics,

22  and pilots. Defendants allegedly covered up these violations by forging documents,

23  counterfeiting aircraft parts, and bribing a member of the Federal Aviation Administration. The

24  Government filed the first Indictment on May 30, 2018, listing twenty-three counts against four

defendants. ECF No. 1. On December 12, 2019, the Government filed a Superseding Indictment, listing eighty-one counts against six defendants. ECF No. 369. On January 8, 2021, the Government filed the Second Superseding Indictment, listing 110 counts against eight defendants. ECF No. 862. Now, Defendant Walker has filed six motions seeking to dismiss Counts 1, 8-11, 14-44, 70, 76, 94, 98, 100-104 from the 110-count Second Superseding Indictment. ECF Nos. 910, 911, 912, 918, 928, and 949.

This order only pertains to Defendant's motion to dismiss Count 98 (ECF No. 912), as joined by Defendants Crowe, Kapp, Rogers, and Reed. *See* ECF Nos. 914, 915, 916, 919.

**II.    Discussion**

Count 98 alleges a violation of 18 U.S.C. § 201(b)(1), which criminalizes bribery of a public official. Count 98 alleges that Defendant bribed an FAA Aviation Inspector with a free aircraft so the Inspector would issue "numerous false airworthiness certificates to benefit the Defendants in their scheme to defraud the United States." ECF No. 862-9 at ¶ 121. Defendant seeks to dismiss the count as it "fail[s] to allege a prosecutable offense and [falls] outside the Statute of Limitations." ECF No. 912 at 2.

To the extent Defendant is arguing the Second Superseding Indictment is deficient for failing to provide an exact date of when the bribery occurred, a valid indictment does not need to provide specific allegations as to when a crime occurred, unless timing is an element of the offense. *Smith v. United States*, 568 U.S. 106, 112 (2013). However, whether the indictment is valid is different from whether a crime is barred by the statute of limitations. And here, the statute of limitations requires the Government to bring an indictment charging a non-capital offense within five years "after such offense shall have been committed." 18 U.S.C. § 3282.

Consequently, whether a crime is time-barred by 18 U.S.C. § 3282 depends on how much time passed between when the crime was committed and when the indictment for the crime was

filed. Count 98 in the Second Superseding Indictment is a substantially similar version of Count 66 in the Superseding Indictment, and thus the statute of limitations was tolled by the filing of the Superseding Indictment.[1] The Superseding Indictment was filed on December 12, 2019, and thus Count 98 is time barred if the crime alleged therein was committed before December 12, 2014.

However, the Government argues the statute of limitations here is not implicated at all, as bribery is a "continuing crime." The statute of limitations "normally begin[s] to run when the crime is complete." *Toussie v. United States*, 397 U.S. 112, 115 (1970) (internal quotations omitted). However, an exception exists if the crime alleged is a "continuing" crime, *i.e.*, a crime that endures beyond the initial illegal act. *Id.* To determine whether a crime is continuing, the court analyzes the language of the substantive criminal statue to see if the language "compels such a conclusion," if the "nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one," or if the criminal statute "clearly contemplates a prolonged course of conduct." *Toussie*, 397 U.S. at 115-120.[2]

The court turns to the statutory language. A plain reading of 18 U.S.C. § 201(b)(1) indicates that the actus reus for the offense is the "giv[ing], offer[ing], or promis[ing]" of a bribe to a public official. It does not criminalize the receipt or use of the benefits derived from the bribe. Indeed, the offense may even be committed if the bribe is ultimately unsuccessful. Rather, a violation of § 201(b)(1) is complete the moment the bribe is made, and does not require any

---

[1] "Generally speaking, the return of an indictment tolls the statute of limitations with respect to the charges contained in the indictment." *United States v. Liu*, 731 F.3d 982, 996 (9th Cir. 2013) (internal quotations omitted).

[2] Quintessential examples of a continuing crime are conspiracy, kidnapping, or bigamy. *See Toussie*, 397 U.S. at 122 (conspiracy); *United States v. Garcia*, 854 F.2d 340, 343–44 (9th Cir.1988) (kidnapping); *Ex Parte Snow*, 120 U.S. 274, 281–82 (1887) (bigamy). But other examples include crimes that penalize those who unlawfully "remain[]" in the United States, *see United States v. Cores*, 356 U.S. 405 (1958), a deported alien who "is at any time found in" this country, *see United States v. Rincon-Jimenez*, 595 F.2d 1192, 1194 (9th Cir. 1979), or a recipient of federal benefits who "conceals" a fact affecting his continued right to payment, *see United States v. Payne*, 978 F.2d 1177, 1180 (10th Cir. 1992).

4 of 5

ongoing course of conduct.

On the other hand, "[t]he doctrine of 'continuing offense' has no applicability to a situation [] where the charged criminal conduct itself extends over a period of time." *United States v. Morales*, 11 F.3d 915, 918 (9th Cir. 1993). At oral argument, the Government represented that there were multiple bribes that were exchanged, in addition to the aircraft that was gifted to the FAA Inspector. The problem with that argument is that it contradicts the allegations in Count 98, which references a single "bribe" and a single "thing of value" that was given. ECF No. 862-9 at ¶¶ 119-121.

The Government may be correct that Defendant is still enjoying the fruits of his bribe. But the analysis of whether a crime is continuing "turns on the nature of the substantive offense, not on the specific characteristics of the conduct in the case at issue." *United States v. Niven*, 952 F.2d 289, 293 (9th Cir. 1991). Certainly, using false air certificates is likely a crime in and of itself. But the crime charged here is bribery, which was completed under the express language of § 201 when the plane was first offered, given, or promised to the FAA Inspector. Thus, the court finds the § 201(b) violation here is not a continuing offense, and thus is time-barred if it occurred before December 12, 2014.

The factual allegations in Count 98 do not allege a date of when the bribe occurred, and while other portions of the Second Superseding Indictment pertain to the bribe, they do not establish any firm dates. Thus, the court is unable to determine when the bribe alleged in Count 98 occurred, and thus cannot find that Count 98 is time barred.

However, the allegations that do relate to the bribe indicate that the bribe may have occurred before December 12, 2014. For example, the Second Superseding Indictment alleges an email correspondence between the FAA Inspector and Defendant Crowe that occurred on May 22, 2014, and that the aircraft used for the bribe was purchased on May 29, 2014. ECF No. 862-9

at 37. Due to the potential statute of limitations issue, and the Government's conflicting representation that more than one bribe occurred, the court will order the Government to file a bill of particulars to set forth all pertinent dates as to any and all bribery forming the basis for Count 98, noting that "[w]hether to order a bill of particulars is within the discretion of the district court." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

**III.    Conclusion**

As the court cannot determine that the underlying offense in Count 98 is barred by 18 U.S.C. § 3282, the court **DENIES** Defendant's motion to dismiss. However, the court **ORDERS** the Government to file a bill of particulars setting forth the details of any and all bribes forming the basis for Count 98, including the dates, names, and substance of those bribes. Failure to file this bill of particulars by September 3, 2021 will result in automatic dismissal of Count 98.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Aug 27, 2021**