THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs<br><br>JOHN D. WALKER, MARVIN REED, KENNETH R. CROWE, PHILLIP T. KAPP, RANDALL ROGERS, HANSEN HELICOPTERS, INC., AND SPARES, INC.,<br><br>Defendants. | CRIMINAL CASE NO. 18-00010<br><br>**ORDER ON DEFENDANT WALKER'S MOTION TO DISMISS COUNT 1 (ECF NO. 918)** |

Defendant Walker has filed six motions seeking to dismiss Counts 1, 8-11, 14-44, 70, 76, 94, 98, 100-104 from the 110-count Second Superseding Indictment. The court held oral argument on all six motions on August 25, 2021. For the reasons that follow, the court will deny Defendant's motion to dismiss Count 1. ECF No. 918

**I.      Procedural Background**

In this case, the Government alleges Defendants operated a helicopter-leasing business without obtaining proper accreditation and licensure for their aircraft, aircraft parts, mechanics, and pilots. Defendants allegedly covered up these violations by forging documents, counterfeiting aircraft parts, and bribing a member of the Federal Aviation Administration. The Government filed the first Indictment on May 30, 2018, listing twenty-three counts against four

defendants. ECF No. 1. On December 12, 2019, the Government filed a Superseding Indictment, listing eighty-one counts against six defendants. ECF No. 369. On January 8, 2021, the Government filed the Second Superseding Indictment, listing 110 counts against eight defendants. ECF No. 862. Now, Defendant Walker has filed six motions seeking to dismiss Counts 1, 8-11, 14-44, 70, 76, 94, 98, 100-104 from the 110-count Second Superseding Indictment. ECF Nos. 910, 911, 912, 918, 928, and 949.

This order only pertains to Defendant's motion to dismiss Count 1 (ECF No. 918), as joined by Defendants Reed, Rogers, and Kapp. *See* ECF Nos. 920, 924, 925.

II. **Discussion**

Defendant seeks to dismiss Count 1, which alleges a conspiracy to defraud the United States in violation of 18 U.S.C. § 371. Defendant argues Count 1 is duplicative in that it alleges a conspiracy against both the Federal Aviation Administration and the National Transportation Safety Board. According to Defendant, this alleges two different conspiracies and thus two different crimes, which could allow a juror to convict Defendant for either crime in violation of his right to a unanimous verdict. He asks the court to dismiss the count, or order an election by the Government, or issue an instruction on unanimity.

Although there were two government agencies that were a victim of the conspiracy, that does not mean there are issues of duplicity. A count of conspiracy alleging that the parties conspired to commit multiple offenses or defraud multiple victims or entities is not duplicitous, as the crime charged is the single offense of conspiracy. *United States v. Lawson*, 377 Fed. Appx. 712 (9th Cir. 2010); *Nye & Nissen v. United States*, 168 F.2d 846, 852 (9th Cir. 1948), *aff'd*, 336 U.S. 613 (1949) (Count I of the indictment charged a conspiracy to defraud the War Shipping Administration, War Department, and Navy Department through fraud and deceptive practices). Duplicity only becomes an issue when there is more than one conspiracy alleged. *See*

*United States v. Gordon*, 844 F.2d 1397, 1401 (9th Cir. 1988) (finding as duplicitous a count alleging a conspiracy to defraud the United States and another conspiracy to obstruct a grand jury proceeding).

Here, while the Second Superseding Indictment lists many, many overt acts that happened during the conspiracy, and that two different Government agencies were defrauded as a result, such is the nature of the offense of conspiracy. Fed R. Crim P. 7(c)(1) ("A count may allege that the defendant . . . committed [the offense] by one or more specified means"); *see also Richardson v. United States*, 526 U.S. 813, 817 ("[A] federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element....").

### III. Conclusion

Defendant's motion to dismiss Count 1 (ECF No. 918) is **DENIED**.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
  Chief Judge
Dated: Aug 27, 2021