**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 18-00010 |
| Plaintiff, | **ORDER ON DEFENDANT WALKER'S MOTION TO DISMISS COUNTS 100, 101, 102, 103, AND 104 (ECF NO. 949)** |
| vs | |
| JOHN D. WALKER, MARVIN REED, KENNETH R. CROWE, PHILLIP T. KAPP, RANDALL ROGERS, HANSEN HELICOPTERS, INC., AND SPARES, INC., | |
| Defendants. | |

Defendant Walker has filed six motions seeking to dismiss Counts 1, 8-11, 14-44, 70, 76, 94, 98, 100-104 from the 110-count Second Superseding Indictment. The court held oral argument on all six motions on August 25, 2021. For the reasons that follow, the court will deny Defendant's motion to dismiss Counts 100, 101, 102, 103, and 104. ECF No. 949.

I.   **Procedural Background**

In this case, the Government alleges Defendants operated a helicopter-leasing business without obtaining proper accreditation and licensure for their aircraft, aircraft parts, mechanics, and pilots. Defendants allegedly covered up these violations by forging documents, counterfeiting aircraft parts, and bribing a member of the Federal Aviation Administration. The Government filed the first Indictment on May 30, 2018, listing twenty-three counts against four

defendants. ECF No. 1. On December 12, 2019, the Government filed a Superseding Indictment, listing eighty-one counts against six defendants. ECF No. 369. On January 8, 2021, the Government filed the Second Superseding Indictment, listing 110 counts against eight defendants. ECF No. 862. Now, Defendant Walker has filed six motions seeking to dismiss Counts 1, 8-11, 14-44, 70, 76, 94, 98, 100-104 from the 110-count Second Superseding Indictment. ECF Nos. 910, 911, 912, 918, 928, and 949.

This order only pertains to Defendant's motion to dismiss Counts 100, 101, 102, 103, and 104 (ECF No. 949), as joined by Defendants Kapp, Reed, and Crowe. *See* ECF Nos. 954, 956, and 957.

## II. Discussion

Counts 100-104 allege wire fraud in violation of 18 U.S.C. §§ 1343, 1346, and 2.[1] Defendants argue these counts fail to state a claim or allege conduct amounting to wire fraud. For a charge of wire fraud, Defendants had to have devised a scheme to defraud, meaning intent to defraud and cheat someone of money or a thing of value. Here, the Defendants complied with the contractual obligations such that the victims received the services they paid to receive. Thus, Defendants argue they did not intend to harm the victims because they did not intend to defraud and cheat them out of anything of value; instead, the victims "got exactly what they bought, paid, and contracted for in the way of helicopter lease service agreements." ECF No. 949 at 6.

The first problem with Defendant's argument is that the victims did not get what they paid for. In the "Recital" section for each of the lease agreements, the specific helicopter to be leased is referenced by a registration number bearing the prefix "N." Under the allegations of the

---

[1] "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both." 18 U.S.C. § 1343. Section 1346 explains that "scheme or artifice to defraud" includes "a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346.

Second Superseding Indictment, this is a representation that the helicopter is FAA accredited – which they were not. *See* ECF No. 964 at ¶ 3. Also, other portions of the leases commit Defendants to have qualified and licensed pilots and mechanics, along with a promise to keep the aircraft in a safe and airworthy condition – which they were not. ECF No. 949-2 at 4. Taking the allegations made in the Second Superseding Indictment as true, which the court must, *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002), Defendants are alleged to have not complied with either of these provisions in the lease agreements.

   The second problem with Defendant's argument is that it assumes the requisite intent for a wire fraud conviction in this case is whether Defendants intended to follow through on the commitment to provide leasing services for helicopters. Defendant is correct that a wire fraud conviction depends on whether the putative defendant "acted with the intent to defraud, that is, the intent to deceive and cheat." *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021). Defendant is also correct that the phrase "deceive and cheat" means "to deprive the victim of money or property by means of deception." *Id.* But the question is not whether Defendant intended to provide a quality work product. The question is whether Defendant intended to deprive the victims of money while the victims were operating under the false assumption that the helicopters and flight crews where FAA accredited.

   Defendants may have intended no economic harm to the victims, in the sense that they always intended to provide helicopter services at a reasonable price. However, as alleged in the Second Superseding Indictment, Defendants falsely represented that they were leasing FAA-accredited helicopters and that those helicopters would be supported by accredited people. They did so to induce the victims to give the money, thereby depriving them of their money. In short, Defendants allegedly intended to take money from the victims without providing to the victims what they were representing they were providing, which is sufficient for a wire fraud conviction.

Committing fraud, even if the "ultimate motives were laudable," is still fraud. *United States v. Green*, 592 F.3d 1057, 1066 (9th Cir. 2010).

### III. CONCLUSION

Defendant's motion seeking to dismiss Counts 100, 101, 102, 103, and 104 is **DENIED**.

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Sep 01, 2021**