**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO.18-00010 |
| Plaintiff, | |
| vs. | **ORDER** |
| JOHN D. WALKER, MARVIN R. REED, KENNETH R. CROWE, PHILLIP T. KAPP, RANDALL ROGERS, HANSEN HELICOPTERS, INC., and SPARES, INC., | |
| Defendants. | |

Before the court is Defendant John D. Walker's Objection and Request for Expedited Hearing on Government's Unilateral, Surreptitious Attempt to Amend Second Superseding Indictment. *See* Obj., ECF No. 1270. Defendants Phillip T. Kapp and Kenneth R. Crowe joined the Objection. *See* Joinders, ECF Nos. 1271 and 1278. Having considered the matter, the court **DENIES** Defendants' request for a hearing and **OVERRULES** the objection as **MOOT**.

**BACKGROUND**

The United States of America ("the Government") began prosecution of defendants John D. Walker, Marvin R. Reed, Kenneth R. Crowe, Phillip T. Kapp, Randall Rogers, and Hansen Helicopters, Inc., on May 30, 2018, whereby a grand jury returned the original indictment charging the defendants with 23 counts. *See* Indictment, ECF No. 1 ("Original Indictment"). The

Original Indictment included honest services fraud as Counts 3, 4, and 5. *Id.* at 8-10. Thereafter, the grand jury returned two superseding indictments.

The first superseding indictment was returned on December 12, 2019, charging the aforementioned defendants with 81 counts. *See* Superseding Indictment, ECF No. 369 ("First Superseding Indictment"). The First Superseding Indictment also included honest services fraud as Counts 67, 68, and 69. *Id.* at 24-26. After extensive briefing, the court granted a motion to dismiss 25 counts in the First Superseding Indictment. *See* Order, ECF No. 731. Notably, the counts alleging honest services fraud were not dismissed. *Compare* ECF No. 369 *with* ECF No. 731.

Thereafter, a second superseding indictment was returned on January 8, 2021, charging the aforementioned defendants, as well as two additional defendants, Spares, Inc. and Frank F. Litkei Sr., with a total of 110 counts. *See* Second Superseding Indictment, ECF No. 862. Notably, the Second Superseding Indictment did *not* include honest services fraud. *See id.* It *did* include one count of bribery, Count 98. *See id.* at 33. After extensive briefing and oral argument by the parties, the court granted a motion to dismiss Count 98 of the Second Superseding Indictment.[1] *See* Min. Entry, ECF No. 1208. In July 2021, Mr. Litkei died, and the court dismissed all charges against him. *See* Order, ECF No. 1009.

On January 12, 2022, the Government filed its trial brief. *See* Pl.'s Trial Br., ECF No. 1257. Therein, the Government outlines the "Charges and Related Issues," which include all 110 counts in the Second Superseding Indictment except the previously dismissed Counts 76 and 98. *Id.* at 14-31. In the same vein, the Government flags that "[u]nless otherwise stated, all references to 'counts' are to those found in the Second Superseding Indictment." *Id.* at 14 n.3.

---

[1] Count 76 (Employing a Mechanic Without a Mechanic's Certificate) was also voluntarily dismissed by the Government on oral motion. Criminal Minutes, ECF No. 1208.

The only counts which the Government outlines that are not within the Second Superseding Indictment are those relating to honest services fraud. *See id.* at 25-28. The Government also identifies proposed jury instructions for counts relating to honest services fraud. *See* Pl.'s Jury Instr. at 44-52, ECF No. 1254.

In response to the Government's inclusion of honest services fraud in its trial brief and proposed jury instructions, the instant Objection was filed. Defendants argue that the Government attempts to unilaterally amend the second superseding indictment. *See* Obj., ECF No. 1270.

**LEGAL STANDARD**

A "superseding indictment does not nullify an original indictment." *United States v. Flores-Perez*, 646 F.3d 667, 671 (9th Cir. 2011). In other words, "[i]t is undisputed that the Government may have two indictments outstanding against an accused at the same time." *United States v. Holm*, 550 F.2d 568, 569 (9th Cir. 1977). Thereafter, "the government may elect to proceed on any pending indictment, whether it is the most recently returned superseding indictment *or* a prior indictment." *United States v. Hickey*, 580 F.3d 992, 930 (9th Cir. 2009) (emphasis added). When there are multiple "pending indictments against the defendants, [] the government may select *one of them* with which to proceed to trial." *United States v. Cerilli*, 558 F.2d 697, 700 n.3 (3d Cir. 1977) (emphasis added). "An original indictment remains pending until it is dismissed or until double jeopardy or due process would forbid prosecution under it." *United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990).

**DISCUSSION**

The Government has three pending indictments against the defendants. *See* ECF Nos. 1, 369, and 862. None of these indictments have been dismissed, nor has prosecution been forbidden by double jeopardy or due process concerns. Therefore, "the government may elect to

proceed on *any* [of these three] pending indictment[s]...." *Hickey*, 580 F.3d at 930.

However, the Government cannot cherry-pick across these three indictments the counts on which it will proceed to trial. *See id.* ("The government may then select the indictment under which to proceed at trial.") (citing *United States v. Drasen*, 845 F.2d 731, 732 n.2 (7th Cir. 1988)); *see also Cerilli*, 558 F.2d at 700 n.3 ("As we understand it, there are two pending indictments against the defendants, and the government may select *one of them* with which to proceed to trial.") (emphasis added). Because the Government may choose only one indictment on which to proceed to trial, it may not transplant counts from indictments on which it will not proceed onto the indictment on which it *will* proceed.

In this case, the Government appears to be proceeding with the Second Superseding Indictment but attempts to incorporate counts related to honest services fraud. These counts were not in the Second Superseding Indictment but were in the Original and First Superseding Indictments. In its trial brief, the Government states that "[a]lthough the [Second Superseding Indictment] does not reallege Honest Services Fraud, because the Government has not dismissed the original or Superseding Indictments, the Honest Services Fraud counts in those two indictments are still operative and presentable to the jury." Pl.'s Trial Br. at 25 n.8, ECF No. 1257. The Government makes a nearly identical argument in its proposed jury instructions. Pl.'s Jury Instr. at 45 n.60, ECF No. 1254.

The Government is correct that the counts related to honest services fraud are still operative and presentable to the jury. However, this is true *only insofar* as the Government proceeds on indictments which include those counts, namely the Original Indictment (as Counts 3, 4, and 5) and the First Superseding Indictment (as Counts 67, 68, and 69). The Government is prohibited from including the counts related to honest services fraud if it chooses to proceed on the Second Superseding Indictment.

## CONCLUSION

Based on the foregoing, the Defendants' request for a hearing is **DENIED** and the objection is **OVERRULED** as **MOOT**. To be clear, the Government may not introduce counts that are not within the indictment on which it proceeds to trial. The Government shall file a statement informing the court, no later than January 27, 2022, whether it wishes to use the Original Indictment, the First Superseding Indictment, or the Second Superseding Indictment at trial.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
  Chief Judge
Dated: Jan 26, 2022