**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 18-00010 |
| Plaintiff, | |
| vs. | **ORDER** |
| JOHN D. WALKER, aka JON WALKER, MARVIN R. REED, KENNETH R. CROWE, PHILLIP T. KAPP, RANDALL ROGERS, HANSEN HELICOPTERS, INC. and SPARES, INC., | |
| Defendants. | |

Before the court is the United States' Motion to Strike Crowe's Two January 24, 2022 Filings re Grand Jury Proceedings. *See* Mot., ECF No. 1283 ("Motion"). Having considered the matter, the court hereby GRANTS IN PART the Motion.

**I.      Procedural Background**

On January 24, 2022, Defendant Kenneth R. Crowe filed two documents. The first document, which was filed under seal, is entitled "Kenneth R. Crowe's Production of Portion of December 12, 2019 Grand Jury Transcript." ECF No. 1276 ("Portions of the Grand Jury Transcript"). The second document, not filed under seal, is Defendant Crowe's joinder to Defendant John D. Walker's "Objection and Request for Expedited Hearing on Government's Unilateral Attempt to Amend Second Superseding Indictment." ECF No. 1278 ("Joinder"). The Joinder publicly references grand jury testimony. *See* Joinder at 2, ECF No. 1278.

Based on the representations made in Crowe's Joinder, the United States filed the instant Motion. *See* Mot., ECF No. 1283. The Motion requests to strike the Portions of the Grand Jury Transcript in its entirety, as well as portions of the Joinder. *See id.*

## II.  Legal Standard

"Since 1946 the disclosure of grand jury minutes has been governed by Rule 6(e) of the Federal Rules of Criminal Procedure. In so many words, the Rule establishes a 'General Rule of Secrecy' which, when knowingly violated, 'may be punished as a contempt of court.'" *Illinois v. Abbot & Associates, Inc.*, 460 U.S. 557, 566 (1983). In other words, the "indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity." *United States v. Proctor & Gamble Co.*, 356 U.S. 667, 682 (1958) (citations and quotations omitted).

## III.  Discussion

This court ordered the Government to provide defense counsel with transcripts from the grand jury proceedings, and in doing so, very cautiously lifted the veil of secrecy attached to grand jury proceedings. *See* Min. Entry, ECF No. 1208. Thereafter, Defendant Crowe filed Portions of the Grand Jury Transcripts under seal, ECF No. 1276. The court does not have an issue with this, as filing under seal maintains the secrecy of the contents therein. Further, the United States has not explained why the sealed filing should be stricken. Accordingly, the United States' request to strike ECF No. 1276 is DENIED.

As to the Joinder, the court GRANTS the United States' request to strike a portion of the Joinder, ECF No. 1278 at 2:1-3. The court admonishes Defendant and his counsel for filing a public document that references these secret proceedings, and thereby violates the grand jury rules of secrecy. Such a filing jeopardizes the grand jury's "dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against

1   unfounded criminal prosecutions." *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424

2   (1983) (citations omitted). "We consistently have recognized that the proper functioning of our

3   grand jury system depends upon the secrecy of grand jury proceedings." *Id.* (citing *Douglas Oil*

4   *Co. v. Petrol Stops Northwest*, 441 U.S. 221, 218 (1979)). Here, defense counsel's public filing

5   of secret proceedings is contrary to Federal Rule of Criminal Procedure 6 and its relevant policy

6   considerations.

7          Finally, the court DENIES the Motion insofar as it seeks to strike the portion of the

8   Joinder that begins with "Finally, all 3 Prosecutors…." *See* Joinder at 2, ECF No. 1278. First,

9   the contested paragraph is replete with grammatical errors that render it incapable of being

10  understood. Second, the court is not aware of any "motion" that contests the "Court's Order in

11  ECF No. 1270." *See id*. Nevertheless, the United States has failed to provide authority that a

12  misrepresentation contained within a brief should be stricken. The court, caught between the

13  parties' increasing aggravation towards one another, admonishes the parties for filing documents

14  unsupported by the record or by authority. "Motions to strike words, sentences, or sections out of

15  briefs serve no purpose except to aggravate the opponent – and though that may have been the

16  goal here, this goal is not one the judicial system will help any litigant achieve. Motions to strike

17  disserve the interest of judicial economy. The aggravation comes at an unacceptable cost in

18  judicial time." *Redwood v. Dobson*, 476 F.3d 462, 471 (7th Cir. 2007). The court reprimands

19  Defendant Crowe for making unintelligible arguments, and reprimands the United States for

20  moving the court without citing to any authority and thereby making the court do its work.

21          **SO ORDERED.**



22                          **/s/ Frances M. Tydingco-Gatewood**
                                **Chief Judge**
23                          **Dated: Feb 01, 2022**

24