# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 18-00010 |
| Plaintiff, | |
| vs. | **ORDER REGARDING OBJECTIONS TO EVIDENCE OF AN ONGOING CRIMINAL CONSPIRACY** |
| JOHN D. WALKER, aka JON WALKER, MARVIN R. REED, KENNETH R. CROWE, PHILLIP T. KAPP, RANDALL ROGERS, and HANSEN HELICOPTERS, INC., | |
| Defendants. | |

Before the court is the United States' Response to Court Order Regarding Evidence of Ongoing Criminal Conspiracy ("Government's Resp.") (ECF No. 1370). The court is also in receipt of Defendants Walker's and Kapp's Response to Government's Proffer of Evidence [sic] Concering Conduct Occurring After Return of Second Superseding Indictment ("Defs.' Resp.") (ECF No. 1371). Both responses were timely filed per the court's prior order. *See* ECF No. 1368.

As stated by the Government, there are two categories of evidence arising after the return of the Second Superseding Indictment on January 8, 2021. *See* Government's Resp. at 2 & 4, ECF No. 1370; ECF No. 862. The first is comprised of one piece of evidence – a

social media post allegedly made by a Hansen Helicopters pilot on January 17, 2022. Government's Resp. at 2–4, ECF No. 1370. The second is comprised of evidence of "Registration-Related Overt Acts Since January 8, 2021." *Id.* at 4.

**Social Media Post**

The Government argues that the social media post attached as Exhibit A to their Response is admissible because it is evidence of "conduct [] identical to the conspiratorial criminal conduct described in, *e.g.*, ¶¶ 68, 69, 70, 113, 114 and Counts 94 and 95" of the Second Superseding Indictment. Government's Resp. at 3. The Government also notes that the N-number displayed in the photograph is not currently valid, reflecting further "conduct [] consistent with allegations throughout the [Second Superseding Indictment] describing Defendants' conspiratorial criminal conduct." *Id.* at 4.

In response, Defendants Walker and Kapp point out that the social media post does not say when the flight depicted in the photograph took place or what the involvement of Defendants is in the flight, and that "#Guam" is the only indication of where the flight took place. Defs.' Resp. at 3, ECF No. 1371. Defendants also raise a general hearsay objection and allude to "major trustworthiness issues relating to a large majority of social media posts." *Id.* Defendants also argue that the Government does not address how evidence of the depicted flight is "in furtherance of the alleged conspiracy alleged in Count 1 or Count 99 of the Second Superseding Indictment." *Id.*

Evidence is not subject to Federal Rule of Evidence 404(b) "when the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined." *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993) (internal quotation omitted). "[T]he policies underlying [R]ule 404(b) are inapplicable when offenses committed *as part of a single criminal episode* become other acts simply because the

defendant is indicted for less than all of his actions." *Id.* (emphasis added). Evidence is inextricably intertwined in a charge when it is part of the same "single criminal episode," *id.*, or, in other words, "part of the transaction that serves as the basis for the criminal charge." *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995).

As such, in order for the social media post to be admissible, it must not evidence *more* of the same conduct alleged in the indictment, it must evidence *part* of the same conduct alleged in the indictment. The Government first cites to Paragraphs 68–70 and 113–114 of the Second Superseding Indictment as conduct that is allegedly "identical" to that reflected in the social media post. Government's Resp. at 3, ECF No. 1370. Conduct that is "identical" to other conduct is not necessarily "part" of that conduct. Paragraphs 68–70 and 113–114 all pertain to the employment of non-FAA certified pilots. *See* Second Superseding Indictment, ECF No. 862. Specifically, the employment of Eduardo Marinho and Domingo Libao. *See id.* The employment of a third individual, after January 8, 2021, is not part of the same transaction that employed Mr. Marinho or Mr. Libao. Therefore, the social media post is not admissible to support Counts 94 or 95, or to support Count 1 as an overt act of employment of an uncertified pilot.

However, the Government also notes that the photo in the social media post shows the N-number of a currently-deregistered helicopter. Government's Resp. at 3–4, ECF No. 1370. Importantly, the registration and deregistration of that helicopter both occurred before January 8, 2021. All Defendants have been charged with conspiring to defraud the Federal Aviation Administration and National Transportation Safety Board. Second Superseding Indictment ¶ 45, ECF No. 862. The manner and means of this alleged fraud include "operating aircraft that were not registered in any jurisdiction." *Id.* ¶ 48(f). The alleged continual operation of a deregistered helicopter, which began before January 8, 2021, is

inextricably intertwined with the conduct alleged in the Second Superseding Indictment.

Issues with facts the social media post does not reflect or its "[un]trustworthiness" are fodder for cross-examination, not appropriate grounds to exclude this evidence. Likewise, Defendants' hearsay objection may be raised when this evidence is offered and the Government has a chance to respond.[1] As such, Defendants' objection to the social media post on the basis that it arose after January 8, 2021, is overruled. Defendants Crowe and Hansen Helicopters, having forgone the court's deadline to present objections to this evidence on this basis, may not raise this objection during trial.

**Registration-Related Overt Acts**

The Government enumerates ten (10) overt acts allegedly taken by Defendants after January 8, 2021 that they seek to offer evidence of. Government's Resp. at 4–5, ECF No. 1370. It argues that these are more examples of the conduct described in Paragraph 48(e) of the Second Superseding Indictment, that is, "deregistering then re-registering aircraft with the FAA and other civil aviation authorities, including the Philippine and New Zealand Aviation authorities, to avoid inspection, oversight, and detection of fraud." The Government again argues that because the conduct is "practically identical" to that described in the Second Superseding Indictment, it is "inextricably intertwined" with it. *Id.* at 5.

Again, this theory of inextricable intertwining fails. None of the deregistrations listed are part of the same "transaction" as the deregistrations listed in the Second Superseding Indictment. They are merely more examples of that sort of conduct. As the court reads the Second Superseding Indictment to allege the conspiracy as taking place until

---

[1] The court notes that a more specific objection than "blatant hearsay" will be required for the court to sustain it.

January 8, 2021, *see* Order, ECF No. 1368, the Defendants' objection to evidence of the deregistrations listed as numbers 2–10 is sustained.[2]

The first overt act in the Government's list, however, is of a different character. This alleged act is the reissuance of a registration certificate in the Philippines for the former N9256F, now RP-C4905. Government's Resp. at 4, ECF No. 1370. According to the FAA registry, that helicopter was deregistered on February 21, 2002, well within the scope of the conspiracy alleged in the Second Superseding Indictment. *See* FAA Registry, United States Dept. of Transportation, https://registry.faa.gov/AircraftInquiry/Search/NNumberResult (last visited Mar. 7, 2022); Second Superseding Indictment ¶ 45, ECF No. 862. The conduct alleged in the Second Superseding Indictment involves the deregistration and subsequent reregistration of helicopters. Second Superseding Indictment ¶ 48(e), ECF No. 862. In this context, the court finds that the subsequent reregistration of a helicopter is part of the same criminal transaction as the initial deregistration of that helicopter. The Defendants' objection to evidence of the certification of N9256F/RP-C4905, therefore, is overruled. As with the objection to the social media post, Defendants Crowe and Hansen Helicopters may not raise the same objection during trial.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Mar 08, 2022**

---

[2] The court notes that the Defendants' theory that, because the Government's earlier motion for a protective order was denied (Order Denying Mot. Protective Order, ECF No. 501), the court somehow sanctioned the deregistration and exportation of helicopters, has no legal basis. *See* Defs.' Resp. at 4 & 6, ECF No. 1371. The standard for granting a protective order has nothing to do with evaluating the criminality of taking any given action or the admissibility of evidence of taking said action. *See* Fed. R. Crim. P. 16.