# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 18-00010 |
| Plaintiff, | |
| vs. | **ORDER GRANTING UNITED STATES' MOTION IN LIMINE TO EXCLUDE KAPP'S EXHIBITS** |
| JOHN D. WALKER, aka JON WALKER, KENNETH R. CROWE, PHILLIP T. KAPP, and HANSEN HELICOPTERS, INC., | |
| Defendants. | |

Before the court is the United States' Motion *in Limine* to Exclude Kapp's Exhibits D-4-Ex. 80 and D-4-Ex. 115, ECF No. 1409. These exhibits have been the topic of discussion before the court even before the trial started. *See* ECF Nos. 1333, 1388. On March 20, 2022, the government moved to exclude them. ECF No. 1409. Defendant Kapp responded to the motion on April 16, 2022. ECF No. 1462.[1] The United States replied on April 25, 2022. ECF No. 1474.

At the representation of counsel, Hansen Helicopters keeps weekly maintenance reports containing flight hour logs and other information pursuant to 14 C.F.R. § 91.417. ECF No. 1388. Defendants also indicated Hansen has Excel spreadsheets that compile the information contained in the weekly maintenance reports. *See id.* Defendant Kapp included on his exhibit list summary chart exhibits based on those spreadsheets. *See* ECF Nos. 1301, 1388.

---

[1] Defendant Hansen Helicopters joined in Defendant Kapp's Response. ECF No. 1464.

"It is long established that, where records are voluminous, a summary, either oral or written, may be received in evidence." *Sam Macri & Sons, Inc. v. U.S. for Use of Oaks Const. Co.*, 313 F.2d 119, 128–29 (9th Cir. 1963). Federal Rule of Evidence 1006 requires that "[t]he proponent must make the originals or duplicates [of the voluminous writings] available for examination or copying, or both, by other parties at a reasonable time and place." "The proponent of a summary must establish a foundation that (1) the underlying materials upon which the summary is based are admissible in evidence; and (2) the underlying documents were made available to the opposing party for inspection." *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984). If the foundation is established, then summary evidence is admissible. *United States v. Rizk*, 660 F.3d 1125, 1130 (9th Cir. 2011).

"Rule 1006 does not contemplate that summaries must be prepared by someone independent of the party offering the summary." *Frank Music Corp. v. MGM, Inc.*, 772 F.2d 505, 515 n.9 (9th Cir. 1985); *see also Colón-Fontánez v. Municipality of San Juan*, 660 F.3d 17, 31 (1st Cir. 2011). Additionally, the fact that there are inaccuracies in a summary chart does not necessarily make it inadmissible. *Rizk*, 660 F.3d 1131 n.2 ("Generally, objections that an exhibit may contain inaccuracies, ambiguities, or omissions go to the weight and not the admissibility of the evidence.") (citation omitted). A summary chart with inaccuracies can be admitted so long as the opposition has been provided with the underlying documents and has the opportunity to cross-examine the relevant witness. *See Frank Music Corp.*, 772 F.2d at 31.

Rule 1006 summary charts may be prepared in anticipation of litigation, so long as the underlying documents are admissible. One way to establish the admissibility of the underlying documents of a summary chart is through Federal Rule of Evidence 803(6). *See Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984). However, a document that has been prepared in anticipation of litigation may not be admitted under Rule 803(6) as a business record.

*Id.* at 1258–59. Therefore, a document that has been prepared in anticipation of litigation may not provide the underlying basis for a Rule 1006 summary chart.

    A business record that is itself a summary of other business records is not what Rule 1006 is typically used for. However, Rule 1006 does not specify that a summary chart *must* be created in anticipation of litigation. In an analogous discussion, the Pennsylvania Eastern Bankruptcy Court said, "[W]here a computerized record appears to be nothing more than a summary of a more detailed written record, the written record should be produced except where the requirements of F.R.E. 1006 have been satisfied." *In re Gulph Woods Corp.*, 82 B.R. 373, 378 (Bankr. E.D. Pa. 1988).

    This has all already been discussed with Defendant Kapp. The court said that a spreadsheet "made in the ordinary course of business . . . itself could be the summary chart." *See* ECF No. 1388. The court said that Defendant Kapp's proposed "spot check" method in lieu of complete disclosure of all underlying documents was insufficient under Rule 1006. *Id.* The court clarified that documents being turned over to the government via an earlier subpoena and/or search warrant was not the same as provision of those documents in accordance with Rule 1006. *Id.* The court in fact ordered Defendant Kapp to turn over all of the underlying documents, in this case the weekly maintenance logs, to the government in order to satisfy the requirements of Rule 1006. *Id.*

    And yet, the government says it has never received the weekly maintenance logs. Ex. A at 11, ECF No. 1409-1. Defendant Kapp fails to describe in what way the underlying documents were made available to the government, other than through the January 2020 subpoena, which the court has already found was insufficient. *See* Resp. at 1–2, ECF No. 1462; *see also* ECF No. 1388.

    It is Defendant Kapp's obligation to provide, or, if already provided in another context,

identify to the government the underlying documents of any summary charts that will be offered under Rule 1006. As Defendants themselves have said to the court many times throughout the course of this case, identification of specific documents is needed when there has been a high volume of discovery, as there has been here.

Defendant Kapp's cursory Response to this motion fails to provide the court with any information pertaining to the above issues. It is the proponent's burden to satisfy Rule 1006. *Paddack*, 745 F.2d at 1259. Defendant Kapp is the proponent of the summary charts at issue, and yet he failed to satisfy this burden, despite the court's March 10, 2022 oral order. As such, the court GRANTS the government's motion. Kapp's Exhibits D-4-Ex. 80 and D-4-Ex. 115 are hereby excluded from being offered during trial.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: May 04, 2022**