IN THE DISTRICT COURT OF GUAM

TERRITORY OF GUAM

UNITED STATES OF AMERICA,    ) Criminal Case No. 18-00010
    )
             Plaintiff,  )
    )
        vs.        )
    )
JOHN D. WALKER, et al.,    )
    )
            Defendants. )
_____

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE FRANCES TYDINGCO-GATEWOOD,
CHIEF JUDGE
MAY 9, 2022; 7:37 A.M.
HAGATNA, GUAM

**Evidentiary Hearing**

Proceedings recorded *by certified stenographer, transcript produced by computer.*

Veronica F. Flores, CSR-RPR
Official Court Reporter
veronica_flores@gud.uscourts.gov

APPEARANCES


Appearing on behalf of plaintiff:


**OFFICE OF THE UNITED STATES ATTORNEY**
**BY: MARIE MILLER, SAUSA,**
**SAMANTHA MILLER, SAUSA,**
**STEPHEN LEON GUERRERO, AUSA**
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
(671) 472-7332


Appearing on behalf of Defendant Walker:

**MARTIN LAW OFFICE**
**BY: MACK K. MARTIN, ESQ.**
125 Park Avenue, 5th Floor
Oklahoma City, OK 73102
(405) 236-8888


Appearing on behalf of Defendant Kapp:

**MCCONWELL LAW OFFICES**
**BY: EDWARD A. MCCONWELL, SR., ESQ.**
**LAURA MCCONWELL, ESQ.**
5201 Johnson Drive, Suite 300
Mission, KS 66205
(913) 262-0605

**LAW OFFICE OF ANTHONY C. PEREZ**
**BY: ANTHONY C. PEREZ, ESQ.**
238 Archbishop Flores Street
Suite 802, DNA Building
Hagatna, Guam 96910
(671) 475-5055

Appearing on behalf of Defendant Hansen:

**LAW OFFICE OF EDWARD C. HAN**
**BY: EDWARD C. HAN, ESQ.**
238 Archbishop Flores Street
DNA Building, Suite 802
Hagatna, Guam 96910
(671) 477-5055

ALSO PRESENT:

John D. Walker, Defendant

---------------------------------------------

I N D E X

Page

Defense Attorneys McConwells to withdraw
representation of Defendant Kapp and Attorney
Anthony Perez to take over representation          9

| | |
|---|---|
| 1 | May 9, 2022; 7:37 a.m.; Hagatna, Guam | 07:21AM |
| 2 | * * * | 07:21AM |
| 3 | | 07:21AM |
| 4 | THE CLERK:  Good morning, Your Honor.  Criminal | 07:37AM |
| 5 | Case No. 18-00010, *United States of America versus John D.* | 07:37AM |
| 6 | *Walker, Phillip T. Kapp, Hansen Helicopters;* Evidentiary | 07:37AM |
| 7 | Hearing. | 07:37AM |
| 8 | Counsel, please state your appearances beginning | 07:37AM |
| 9 | with the government. | 07:37AM |
| 10 | MR. LEON GUERRERO:  Buenas and hafa adai, Your | 07:37AM |
| 11 | Honor, Stephen Leon Guerrero on behalf of United States.  Also | 07:37AM |
| 12 | -- | 07:37AM |
| 13 | THE COURT:  Okay, I think the mics are -- let me | 07:37AM |
| 14 | see if the mic is on.  Go ahead. | 07:37AM |
| 15 | MR. LEON GUERRERO:  Stephen Leon Guerrero on | 07:37AM |
| 16 | behalf of United States.  Also present are Special Assistant | 07:37AM |
| 17 | U.S. Attorneys Marie Miller and Samantha Miller. | 07:37AM |
| 18 | MS. M. MILLER:  Hafa adai, Your Honor. | 07:37AM |
| 19 | THE COURT:  Hafa adai, good morning everyone. | 07:37AM |
| 20 | MR. MARTIN:  Good morning, Your Honor, Mack | 07:37AM |
| 21 | Martin on behalf of John Walker who is also present. | 07:38AM |
| 22 | THE COURT:  Okay, good morning, Mr. Walker, Mr. | 07:38AM |
| 23 | Martin. | 07:38AM |
| 24 | THE DEFENDANT:  Morning. | 07:38AM |
| 25 | MR. MCCONWELL:  Morning, Your Honor, Edward | 07:38AM |

1    McConwell, Laura McConwell and Anthony Perez for Mr. Kapp, and    07:38AM

2    also Mr. Ed Han is here for Hansen Helicopters, Inc.  And we    07:38AM

3    entered our appearance on -- contingent on the Court's rule --    07:38AM

4    ruling for Hansen Helicopters pursuant to release from our    07:38AM

5    client contract waiver, contract waiver.    07:38AM

6         THE COURT:  And what about Mr. Kapp, what's his    07:38AM

7    status right now?    07:38AM

8         MR. MCCONWELL:  About an hour ago, I got a text    07:38AM

9    -- well, maybe just a little bit more than that ago, got from    07:38AM

10   his mother, he had a bad episode last night, sleep walking and    07:38AM

11   had some problems and she couldn't wake him up.  So she took    07:38AM

12   -- had an emergency -- had an ambulance take him to the    07:38AM

13   emergency room and he's been readmitted to Mayo Clinic in    07:38AM

14   Phoenix and he's just not going to be available today.    07:38AM

15        THE COURT:  He's not available for today.  Okay,    07:38AM

16   very well.  Thank you for --    07:39AM

17        MR. MCCONWELL:  I do have her phone number if you    07:39AM

18   need to talk to her.    07:39AM

19        THE COURT:  No, I will take your word as an    07:39AM

20   officer of the court, Mr. McConwell.    07:39AM

21        All right.  So we are here before the Court, I    07:39AM

22   don't -- I don't think we need to seal this part, do we?    07:39AM

23   We're not going to talk about his medical issues.  The Court    07:39AM

24   already knows what the medical issues are.  It's just the    07:39AM

25   conflict part.  So I don't feel it needs to be sealed, do you,    07:39AM

1  Counsels?                                                           07:39AM

2        MR. MCCONWELL:  I don't.                                      07:39AM

3        THE COURT:  Let me just ask, Mr. McConwell, Ms.              07:39AM

4  McConwell?                                                          07:39AM

5        MR. MCCONWELL:  We don't -- it'd be fine to have             07:39AM

6  it open, Your Honor.                                                07:39AM

7        MS. MCCONWELL:  As long as we're not going to                07:39AM

8  talk about -- you have the information.                             07:39AM

9        THE COURT:  No, I have the information.  I don't             07:39AM

10 need to go through that.  And then prosecution, Ms. Marie          07:39AM

11 Miller?                                                             07:39AM

12       MS. M. MILLER:  No objection, Your Honor, to it              07:39AM

13 being open.                                                         07:39AM

14       THE COURT:  Okay, very well.  And then Mr.                   07:39AM

15 Martin, Mr. Han, you would agree?                                   07:39AM

16       MR. MARTIN:  No problem, Your Honor, fine with              07:39AM

17 Mr. Walker.                                                         07:39AM

18       MR. HAN:  None, Your Honor.                                  07:39AM

19       THE COURT:  All right.  So this is an evidentiary           07:39AM

20 hearing on the proposed waiver of conflict of interest in the      07:39AM

21 joint stipulation filed by the parties on May 5, 2022 and the      07:40AM

22 Court has looked at Rule 44(c).  So I need to inquire promptly     07:40AM

23 about the propriety of joint representation and must               07:40AM

24 personally advise each defendant of the right to effective         07:40AM

25 assistance of Counsel, including separate representation.          07:40AM

1      Now, obviously we can't speak to Mr. Kapp because 07:40AM
2  he is ill, not able to make it.  So that's one issue.  And 07:40AM
3  unless there is good cause to believe that no conflict of 07:40AM
4  interest is likely to arise, the Court must take appropriate 07:40AM
5  measures to protect each defendant's right to Counsel. 07:40AM
6      Let me tell you something, I am not a fan of 07:40AM
7  joint representation.  To be perfectly honest with you, no man 07:40AM
8  can serve two masters, as they say in the Bible.  And I just 07:40AM
9  don't -- I just am not a fan of it.  I know that there is an 07:40AM
10  alleged -- and I just say that, you know, because we haven't 07:40AM
11  really -- anyway, there is an allegation that there is a joint 07:40AM
12  defense presentation, although there is some issues regarding 07:41AM
13  that, but putting that aside, the parties have proposed that 07:41AM
14  Defendant Kapp's off-island Counsel, Laura and Ed McConwell, 07:41AM
15  entered an appearance on behalf of Defendant Hansen 07:41AM
16  Helicopters as well.  The Court has severed Kapp -- Mr. Kapp's 07:41AM
17  presence for this trial.  And though -- even though Defendant 07:41AM
18  Kapp's been severed, the representation would still be one of 07:41AM
19  which the McConwells could be Counsel for both Kapp and -- 07:41AM
20  Mr. Kapp, excuse me, and Hansen Helicopters. 07:41AM
21      And as the parties know, the U.S. Supreme Court 07:41AM
22  generally disfavors joint representation because even the 07:41AM
23  unexpected conflict that could arise later, may not be right 07:41AM
24  now at this moment, although I think there could be or there 07:42AM
25  is, but I'll tell you, having been forced to -- not forced, I 07:42AM

1    shouldn't say forced because you can't really force the judge       07:42AM

2    unless -- well, let's put it this way, having been in a            07:42AM

3    situation where a defendant -- defense Counsel represented two       07:42AM

4    defendants and another judge found that there was no conflict,       07:42AM

5    when it came to sentencing, there clearly was a conflict.  I        07:42AM

6    mean maybe during the course of the plea agreement or the          07:42AM

7    trial there wasn't, but I'm just telling you that that's an         07:42AM

8    issue.                                                              07:42AM

9           The Court is concerned with not only a potential            07:42AM

10   conflict later, like as I've just indicated, but the fact that      07:42AM

11   the Defendant Hansen Helicopters, who's being represented ably      07:42AM

12   by Mr. Ed Han, they are said to be paying for Defendant Kapp's      07:42AM

13   legal representation.  The fact that Mr. Kapp's capacity to         07:42AM

14   waive a conflict is right now limited, because he can't be          07:43AM

15   here, he can't be on the phone, he can't be -- and I don't          07:43AM

16   want him just on the phone, I want to see him -- he doesn't         07:43AM

17   have to be here live but I would like to see him via Zoom, I        07:43AM

18   want to see him video.  And the fact is -- and there is no          07:43AM

19   dispute as to what I'm saying, is that Defendant Hansen             07:43AM

20   Helicopters is Mr. Kapp's employer.                                 07:43AM

21          So where do we go from here?  Let me hear from              07:43AM

22   Mr. or Ms. McConwell, then I'll hear from the prosecution.         07:43AM

23   And Mr. Han too.  Yes, I mean we have the jury and I've asked       07:43AM

24   the jury to come back this afternoon.  I wanted to get this         07:43AM

25   taken care of.  So the jurors are coming in at 1:00, I think.      07:43AM

1    What do you think?                                                      07:43AM

2         MS. MCCONWELL:  Your Honor, in reviewing your                      07:43AM

3    order and the concerns that you raised in light of *U.S. versus*        07:44AM

4    *Wheat*, *Holloway v. Arkansas*, you know, we have said that we         07:44AM

5    have jointly been working on a defense -- our -- jointly with           07:44AM

6    all Counsel.                                                            07:44AM

7         In fact, last week when we brought this to the                     07:44AM

8    Court's attention, the concern -- and at the hearing with our          07:44AM

9    concerns about Mr. Kapp, is that, you know, we would need to            07:44AM

10   -- the trial will just need to be continued on, and so a way           07:44AM

11   for that not to happen would be for us to shift to be able to          07:44AM

12   also represent Hansen Helicopters who, as you said, is                 07:44AM

13   Mr. Kapp's employer, and pursuant to the Rules of Professional         07:44AM

14   Responsibility, an employer and an employee can be represented        07:44AM

15   by the same Counsel.  Mr. Kapp will continue to be represented        07:44AM

16   by Mr. Perez.  Where -- he is not -- he is not going to enter          07:44AM

17   an appearance with Hansen Helicopters because Mr. Han is               07:44AM

18   representing Hansen Helicopters.  So we would be representing          07:44AM

19   Hansen with --                                                         07:44AM

20         THE COURT:  Oh, I see.  So you're totally -- I'm                  07:45AM

21   sorry.  So you're totally like withdrawing representation of          07:45AM

22   Mr. Kapp?  And Mr. Perez is taking over when Kapp is able to          07:45AM

23   come into trial?                                                       07:45AM

24         MS. MCCONWELL:  Yes.                                             07:45AM

25         THE COURT:  Oh, so you guys are -- so today                      07:45AM

1   you're issuing -- I mean if you're doing a withdrawal          07:45AM

2   completely, and -- uhh -- and -- yeah, I guess.  I mean I --    07:45AM

3   yeah, go ahead.                                                 07:45AM

4             MS. MCCONWELL:  I do need to respond to a motion      07:45AM

5   that the government filed last week which was relating to a     07:45AM

6   motion that we had filed you know -- we filed on behalf of Mr.  07:45AM

7   Kapp and that's due later this week.  So we do need to file --  07:45AM

8   we do need to file that, but then we can withdraw from Mr.      07:45AM

9   Kapp; he's got Mr. Perez.  We -- and we went and entered our    07:45AM

10  appearance for Hansen Helicopters so that we -- you're not      07:45AM

11  going to have the record protected, because I wasn't clear in   07:45AM

12  reading the local rules how -- for instance pro hac vice, how   07:45AM

13  that shifts.  And so I didn't think we needed to file a whole   07:46AM

14  separate --                                                     07:46AM

15            THE COURT:  No, I don't -- you don't -- we could      07:46AM

16  talk about the pro hac vice thing later.  That's not really a   07:46AM

17  major issue.  I mean that's not a major issue in terms of       07:46AM

18  payment right now, okay.                                        07:46AM

19            So just to be clear, what is the motion that's        07:46AM

20  outstanding that you want to reply to?                          07:46AM

21            MS. MCCONWELL:  Sanction, motion for sanctions        07:46AM

22  and to strike the cross motion for motion in limine.            07:46AM

23            THE COURT:  Okay.  All right.  All right.  But to     07:46AM

24  be clear, you want to have that ability to do that but with     07:46AM

25  regard to the representation of Mr. Kapp for trial right now,   07:46AM

1    you want to withdraw and Mr. Perez is going to take over?                     07:46AM

2                    MS. MCCONWELL:  Will stay.                                     07:46AM

3                    THE COURT:  And -- okay, okay, thank you.                      07:46AM

4                    MS. MCCONWELL:  And then we have -- Mr. Kapp did               07:46AM

5    execute a waiver and a consent to this and did his mother --                  07:46AM

6    and as did his mother, who is his power of attorney.                          07:46AM

7                    THE COURT:  Right, so -- but you know what, I                  07:46AM

8    like to see these guys in person.                                             07:46AM

9                    MS. MCCONWELL:  Right, no, I understand that.  We              07:47AM

10   were concerned that this happened.  He didn't expect that he'd                07:47AM

11   be very sick.                                                                 07:47AM

12                   THE COURT:  Well, it sounds like he's very sick                07:47AM

13   so I don't disbelieve that.  I guess the question is, he's so                 07:47AM

14   sick he can't even do a conflict, I mean he can't even talk to                07:47AM

15   me probably, and until -- you know, intelligent knowing waiver                07:47AM

16   of conflict, he probably can't do that.                                       07:47AM

17                   MS. MCCONWELL:  We kept, you know, hoping -- he                07:47AM

18   kind of has his good days and his bad days.                                   07:47AM

19                   THE COURT:  Yeah.  I mean, well, clearly, he has               07:47AM

20   to give a knowing intelligent waiver, so he can't do that.                    07:47AM

21                   MS. MCCONWELL:  Right.                                         07:47AM

22                   THE COURT:  Okay, thank you.  Mr. Perez, do you                07:47AM

23   agree that you are going to now be lead Counsel for Mr. Kapp,                 07:47AM

24   if he comes back into the fold with trial?                                    07:47AM

25                   MR. PEREZ:  I agree.                                           07:47AM

1          THE COURT:  Okay.  Mr. Han, you -- what's your          07:47AM

2     position of having the McConwells join you as Counsel?          07:47AM

3          MR. HAN:  I agree to them joining the          07:47AM

4     representation, Your Honor.          07:47AM

5          THE COURT:  So the three of you will be Counsels          07:47AM

6     for Hansen Helicopters?          07:47AM

7          MR. HAN:  Correct.          07:47AM

8          THE COURT:  All right.  And so U.S. attorneys,          07:48AM

9     well, sounds like wow, that was the easiest fix, maybe.  I          07:48AM

10    guess.          07:48AM

11          MS. M. MILLER:  No, Your Honor -- good morning.          07:48AM

12          THE COURT:  Good morning.          07:48AM

13          MS. M. MILLER:  We knew there was going to be a          07:48AM

14    request for joint representation.  What we didn't know until          07:48AM

15    this weekend was that they were going to withdraw completely          07:48AM

16    as representation -- as lawyers for Mr. Kapp.          07:48AM

17          THE COURT:  Yeah.          07:48AM

18          MS. M. MILLER:  Which I think, if they represent,          07:48AM

19    which they have that, you know, there is no conflict and          07:48AM

20    Mr. Kapp waives that conflict and Hansen Helicopters obviously          07:48AM

21    waives any conflict, I think then we're perfectly fine.  Until          07:48AM

22    this point, there hasn't been a divergent of -- defense,          07:48AM

23    because there's been this ostensible joint defense agreement,          07:48AM

24    so everything has been consistent there.          07:48AM

25          I think the one thing that I want to remind Your          07:48AM

1   Honor is that the government did file a motion regarding the   07:48AM

2   fact that we do believe that Ed McConwell may be a witness in   07:48AM

3   this case at some point.  And the reason why I bring this up   07:48AM

4   and it's interesting because it is associated with this motion   07:48AM

5   for sanctions, the defense attorneys, in a pleading,   07:48AM

6   specifically ECF 541, said on the record on behalf of their   07:49AM

7   defendants that the helicopters were owned by the Vanuatu   07:49AM

8   companies, and you've heard that in argument with Mr. Reed,   07:49AM

9   and that they were registered in Vanuatu.   07:49AM

10          After they made that representation in a pleading   07:49AM

11  that they filed with the Court as representatives of the Court   07:49AM

12  but also of their clients, I then contacted defense Counsel   07:49AM

13  and said, I know that these helicopters were never registered   07:49AM

14  in Vanuatu and you made that assertion to the Court in a filed   07:49AM

15  document.  They then retracted their statement in ECF 571 and   07:49AM

16  they said that representing to the Court that these   07:49AM

17  helicopters were owned and registered in Vanuatu was a   07:49AM

18  mistake, it was a clerical mistake, it was unintended, they   07:49AM

19  did not intend to do that.  That's in ECF 571.  Then in reply   07:50AM

20  to a motion filed by the government, we again see Mr.   07:50AM

21  McConwell in 2022 making a representation that the helicopters   07:50AM

22  are owned and registered in Vanuatu, when again, the   07:50AM

23  government knows for a fact that the helicopters have never   07:50AM

24  been registered in Vanuatu.   07:50AM

25          So we have these representations being made on   07:50AM

```
1   behalf of the defendants that are obviously -- they can't both   07:50AM
2   be true that they are or they are not.  We know they are not.     07:50AM
3   We have substantial evidence in the record about the ownership    07:50AM
4   of the helicopters and the registration of the helicopters,       07:50AM
5   which begs the question, why are these assertions being made      07:50AM
6   in documents that are being filed with the Court?  Because we     07:50AM
7   have 541 and we have 571 --                                       07:50AM
8             THE COURT:  Okay.                                       07:50AM
9             MS. M. MILLER:  -- then we have the                     07:50AM
10  representation just recently in 14 -- I can't remember the        07:50AM
11  exact number, but I'll get it for you with the ECF.  So moving    07:51AM
12  forward, and this is an issue we raised earlier, if the           07:51AM
13  defendants are going to rely on advice of Counsel that an         07:51AM
14  attorney told them that they can continue operating the way       07:51AM
15  they're operating because the FAA should have never registered    07:51AM
16  the aircraft in the first place, which we believe is not a        07:51AM
17  legal defense to these charges because these are criminal         07:51AM
18  charges, this is not an administrative proceeding, if that        07:51AM
19  attorney is Ed McConwell, which we believe it is, because the     07:51AM
20  only evidence in the record of this assertion is by               07:51AM
21  Mr. McConwell, then Mr. McConwell becomes a witness.              07:51AM
22            Now, this could be a very elegant solution, if          07:51AM
23  they withdraw and they're permitted to withdraw from              07:51AM
24  representation of Kapp, fantastic, because now they're            07:51AM
25  co-Counsel with Mr. Han, which means when this is fully           07:51AM
```

*Criminal Case No. 18-00010, USA v. Walker, et al.*

1  developed with the Court, I think you will see, Your Honor,          07:51AM

2  that the only evidence in the record to support this assertion       07:52AM

3  is Mr. McConwell.  If the Court then agrees he has to be a           07:52AM

4  witness, because that is the only way this is fairly shaken          07:52AM

5  out, then it doesn't stop the trial, it doesn't prejudice            07:52AM

6  Hansen Helicopters, because they have been adequately                07:52AM

7  represented, as Your Honor has recognized, by Mr. Han.               07:52AM

8          So if he has to pull out and become a witness at             07:52AM

9  that point, that's fine.  I just want to make sure Your Honor        07:52AM

10 is aware that this is an issue that has been T'ed up from the        07:52AM

11 beginning.  We have four times filed motions regarding              07:52AM

12 potential conflict because the only evidence in the record of        07:52AM

13 this defense has been from Mr. McConwell.  There is no other         07:52AM

14 evidence in the record.                                              07:52AM

15         So if they're going to continue to argue this,               07:52AM

16 then the government needs to be able to cross-examine the            07:52AM

17 basis for this assertion and this argument.  So I just want          07:52AM

18 Your Honor to be aware of that because that is a potential           07:52AM

19 issue.                                                               07:52AM

20         THE COURT:  All right, very well.                            07:52AM

21         MS. M. MILLER:  And it's ECF 1518 was the ECF,               07:53AM

22 the most recent one where we see the re-emergence of the             07:53AM

23 assertion of Vanuatu.                                                07:53AM

24         MS. MCCONWELL:  For sanctions --                             07:53AM

25     (Cour reporter asked Counsel speak on microphone.)               07:53AM

| | |
|---|---|
| 1 | THE COURT: Yes, I'm sorry, Ms. McConwell? | 07:53AM |
| 2 | I'm sorry, can you get on the mic? I'm sorry, we | 07:53AM |
| 3 | can't hear you. | 07:53AM |
| 4 | MS. MCCONWELL: 1518 is the government's sanction | 07:53AM |
| 5 | motion, which the time for us to respond has -- | 07:53AM |
| 6 | MS. M. MILLER: Yes, and theirs is 1419? | 07:53AM |
| 7 | MS. S. MILLER: 92. | 07:53AM |
| 8 | MS. M. MILLER: 1492, I'm sorry. So if you look | 07:53AM |
| 9 | at 541, that's where they say "owned and registered by | 07:53AM |
| 10 | Vanuatu"; 571 that's where they say "we made a mistake, we're | 07:53AM |
| 11 | retracting that statement that they're owned and registered by | 07:53AM |
| 12 | Vanuatu." Then 1492, they again are making the statement | 07:53AM |
| 13 | "owned and registered by Vanuatu" and that's why we filed to | 07:53AM |
| 14 | the motion for sanctions, because you can't have it both ways. | 07:53AM |
| 15 | And that's the motion that Ms. McConwell said they want to | 07:53AM |
| 16 | stay as Counsel for Kapp until they respond to that motion and | 07:53AM |
| 17 | then they'll withdraw as Counsel for Kapp and they will be | 07:53AM |
| 18 | co-Counsel for Hansen. | 07:54AM |
| 19 | THE COURT: I think it's maybe 573, not 571. But | 07:54AM |
| 20 | go ahead. | 07:54AM |
| 21 | MS. M. MILLER: So 541, then 571, I believe, is | 07:54AM |
| 22 | the retraction. | 07:54AM |
| 23 | THE COURT: I think it's 573, not 571. | 07:54AM |
| 24 | MS. M. MILLER: Okay, and then it was 1492 was | 07:54AM |
| 25 | where they reassert. | 07:54AM |

1      THE COURT:  Okay.  Thank you.  Yes,                    07:54AM

2 Mr. McConwell?                                              07:54AM

3      MR. MCCONWELL:  And I told Ms. Miller this             07:54AM

4 before, the reference back years ago to being registered in 07:54AM

5 Vanuatu was by my co-Counsel, J. Michael Westin in Texas, he 07:54AM

6 did that without my knowledge and I regret I didn't catch it 07:54AM

7 and we corrected it right away.  I don't believe I've ever   07:54AM

8 said since that point that there[sic] have ever been         07:54AM

9 registered in Vanuatu.  I can't imagine I would have said it 07:54AM

10 because it's not true.                                       07:54AM

11      THE COURT:  Okay.  Well --                             07:54AM

12      MR. MCCONWELL:  And then if I had to be called as      07:54AM

13 a witness for them, I don't think that even disqualifies me. 07:54AM

14 If I had to be called by as a witness for our case, that might 07:54AM

15 be something different, but we need to respond to your motion 07:55AM

16 because we're not saying what she's saying.                  07:55AM

17      THE COURT:  Okay, well, let me just think about        07:55AM

18 this then.  I think I may allow you to respond of course and  07:55AM

19 then just at least for the limited purpose of continuing your 07:55AM

20 representation of Mr. Kapp and then allow you to submit in    07:55AM

21 writing that you have spoken to your client that he agrees    07:55AM

22 that you guys are withdrawing -- that you have spoken         07:55AM

23 previously when he was of sound mind and that you are actually 07:55AM

24 withdrawing and he understands that and he understands that   07:55AM

25 you are moving to work -- I mean to jointly represent the     07:55AM

*Criminal Case No. 18-00010, USA v. Walker, et al.*

1   Hansen Helicopters, as long as you could indicate that to me,    07:55AM

2   I'll take your word for it.  Yes?    07:55AM

3          MR. MCCONWELL:  He has and he was lucid when he    07:55AM

4   signed the waiver, conflict waiver, and Mr. Perez talked to    07:55AM

5   him, he said you have right to other Counsel to talk about it,    07:55AM

6   he did that with Mr. Perez.  He was lucid when he talked to    07:56AM

7   Mr. Perez and he totally understood the whole issue.    07:56AM

8          THE COURT:  All right.  So just put that in    07:56AM

9   writing what you -- just memorialize that in writing so I can    07:56AM

10  just have that on the record that all of you have spoken to    07:56AM

11  him at the time when he could make a knowing intelligent    07:56AM

12  decision about what's going on.    07:56AM

13         All right.  And so it makes everything less    07:56AM

14  complicated that we are not having a joint representation,    07:56AM

15  because I really am not -- I was not going to allow that.  I    07:56AM

16  don't care, I just -- like I said, I've seen this happen    07:56AM

17  unfold and it just always unravels to the worst degree.  Yes?    07:56AM

18         MS. M. MILLER:  This is the concern the    07:56AM

19  government has:  Mr. McConwell just stood up and as officer    07:56AM

20  the Court said "I wouldn't have said the helicopters are    07:56AM

21  registered in Vanuatu because I know that's not true."  I am    07:56AM

22  reading directly from 1492, ECF 1492, "Argument, the Vanuatu    07:56AM

23  registered aircraft have never been civil aircraft of the    07:57AM

24  U.S."  This is on page 2 of Exhibit 1492.  ECF 1492.  And this    07:57AM

25  is a document that was signed by Mr. McConwell as an officer    07:57AM

1  of the Court.                                                    07:57AM

2          THE COURT:  Okay, so why don't we -- we'll go           07:57AM

3  ahead and resolve that when we need to resolve it.  I don't     07:57AM

4  need to get into the merits of it because, honestly, I have to  07:57AM

5  just read it and, you know, fully informed.                     07:57AM

6          All right.  Okay, so things are a lot better.           07:57AM

7  How is everybody?  The good news is the jurors are still in     07:57AM

8  one piece.                                                      07:57AM

9          MS. M. MILLER:  Yay.                                    07:57AM

10         THE COURT:  And also too, as you probably have          07:57AM

11  heard, I just got back from Washington, D.C. a couple days or  07:57AM

12  actually, I think Thursday night.  And so I know I sound like  07:57AM

13  I have a cold but I'm actually have a little allergies and I   07:57AM

14  had that in D.C., you probably heard me.  I do not have COVID. 07:57AM

15  I just want you all to know that.  I tested every day I was in 07:58AM

16  Washington, D.C.                                               07:58AM

17         MS. M. MILLER:  The allergies, Your Honor, just         07:58AM

18  so you know, in that area, are horrific.                       07:58AM

19         THE COURT:  Oh, yeah, so I mean -- but they also        07:58AM

20  required every judge, every federal judge to test every       07:58AM

21  morning.                                                       07:58AM

22         MS. M. MILLER:  Wow.                                    07:58AM

23         THE COURT:  In D.C. for like six days, to self         07:58AM

24  administer a home test.  If you're not used to it, it's very  07:58AM

25  hurtful.  It hurts.  So -- and I still continue to test       07:58AM

*Criminal Case No. 18-00010, USA v. Walker, et al.*

because one of the judges just wrote us a note, and said "Oh, 07:58AM

sorry, I was sitting next to you, Judge, and I tested positive 07:58AM

but I don't have symptoms and I'm still negative." So just an 07:58AM

FYI. I bring all this to your attention because the governor, 07:58AM

during my absence, has lifted the mask requirements, so I have 07:58AM

altered my General Order here at the District Court and I've 07:58AM

indicated that pursuant to the governor's executive order that 07:58AM

we would follow suit and that we would make it optional. 07:59AM

There are some people that still wish to wear masks, including 07:59AM

the jurors. 07:59AM

At first I considered back and forth should I 07:59AM

make the jurors wear a mask, and I thought, well, you know, 07:59AM

Guam is pretty much vaccinated and we're not in the clear but 07:59AM

I mean we're looking good and so I just decided to make it 07:59AM

optional for them. Okay? All right. Any problems with that, 07:59AM

Counsels? 07:59AM

(No response.) 07:59AM

THE COURT: All right. But I will say that the 07:59AM

questions downstairs in the entryway is still relevant because 07:59AM

we want to make sure that, you know, yeah, we want to make 07:59AM

sure that people are -- just have your mask just in case if 07:59AM

there is issues, but we want to make sure that before people 07:59AM

enter the courthouse, that they don't have the symptoms of 07:59AM

COVID and if they have it, they shouldn't even be over here at 07:59AM

the courthouse, but I did tell the jurors not to -- I wasn't 08:00AM

1    sure how long this would go today, this morning, this      08:00AM

2    particular hearing.  Plus also I have a law month activity  08:00AM

3    that I did not know, I forgot that I was involved in.  So I'm  08:00AM

4    going to go that this morning and get it over with, but I will  08:00AM

5    be here and we will start trial promptly at 1:00.  All jurors  08:00AM

6    will be here, we don't have to give them lunch today but I  08:00AM

7    feel that based on -- just based on still the COVID situation  08:00AM

8    on Guam, even though it's getting better, but the fact is, is  08:00AM

9    that our lunch break is so tight, 45 minutes is hardly any  08:00AM

10   time, so the Court will continue to provide lunch for the  08:00AM

11   jurors during the course of the trial.  08:00AM

12            Now that we have streamlined the trial, I think  08:00AM

13   it's going to go a lot faster.  How long do you think your  08:00AM

14   case in chief will be?  08:00AM

15            MS. M. MILLER:  So, Your Honor, if we are going  08:00AM

16   to go on Saturdays as Your Honor represented before, the  08:00AM

17   government will be completed with their case in probably less  08:00AM

18   than three weeks.  08:01AM

19            THE COURT:  Okay.  08:01AM

20            MS. M. MILLER:  We think it may be two weeks  08:01AM

21   because we do believe, as Mr. Martin represented before, he's  08:01AM

22   a very succinct cross-examiner.  08:01AM

23            THE COURT:  Wow.  08:01AM

24            MS. M. MILLER:  So I do think this is --  08:01AM

25            MR. MARTIN:  I don't think I said that.  08:01AM

1    MS. M. MILLER:  No, he is.  And also -- <span>08:01AM</span>

2    THE COURT:  He's laser focused like you? <span>08:01AM</span>

3    MS. M. MILLER:  Yeah, and we also agreed amongst <span>08:01AM</span>

4  each other and ourselves, we're not going to have a bunch of <span>08:01AM</span>

5  recross and re-redirect and re-recross -- <span>08:01AM</span>

6    THE COURT:  No, I'll keep it simple, it will be <span>08:01AM</span>

7  direct, cross, redirect. <span>08:01AM</span>

8    MS. M. MILLER:  Yes, and we also narrowed down <span>08:01AM</span>

9  our witnesses and that was part of stipulation with the <span>08:01AM</span>

10  defense.  We eliminated some of the experts that we had in <span>08:01AM</span>

11  lieu of other experts that we have to combine the testimonies, <span>08:01AM</span>

12  so instead of having multiple witnesses, we have one, so -- <span>08:01AM</span>

13  and we've also been working on -- I just got from Ms. <span>08:01AM</span>

14  McConwell yesterday, the Marinho transcripts. <span>08:01AM</span>

15    So what we're doing is we're working on those <span>08:01AM</span>

16  deposition transcripts the way in which Your Honor asked for <span>08:01AM</span>

17  them to be highlighted where the government highlights one <span>08:02AM</span>

18  color, defense highlights another color and then we place our <span>08:02AM</span>

19  objections on that one exhibit, so Your Honor will have the <span>08:02AM</span>

20  opportunity to resolve those objections easily and readily and <span>08:02AM</span>

21  then we could present that testimony to the jury. <span>08:02AM</span>

22    THE COURT:  All right.  And in the pro hac vice <span>08:02AM</span>

23  matter, I think it's per case, under our local rule, so you <span>08:02AM</span>

24  don't have to reapply and repay.  It's per case, as I <span>08:02AM</span>

25  understand it.  Go ahead. <span>08:02AM</span>

```
 1            MS. MCCONWELL:  I did have one thing, in              08:02AM

 2   preparing for this hearing and pulling everything out because  08:02AM

 3   some things were filed when we were moving -- oh, I'm sorry.    08:02AM

 4            THE COURT:  Yeah.                                      08:02AM

 5            MS. MCCONWELL:  On our six of our stipulation,         08:02AM

 6   you have Randy Brietzman is going to testify as an expert for   08:02AM

 7   Jeff Jennings, but Randy Brietzman is not -- has never been     08:02AM

 8   designated as an expert, so somebody else will need to testify  08:02AM

 9   for Mr. Jennings, and then I was hoping I would get a little     08:02AM

10   synopsis of how you're breaking up all of that -- the other     08:03AM

11   expert disclosures because I don't have like -- you have        08:03AM

12   Mr. Steffes who I think is going to go away, so I didn't know   08:03AM

13   how that was all going to be broken up.                         08:03AM

14            MS. M. MILLER:  We could just -- we could --           08:03AM

15   basically what we've done, Your Honor, is the expert            08:03AM

16   representations that we made in our disclosures to the Court    08:03AM

17   very early on about what the experts would say, that is just    08:03AM

18   going to be distributed amongst existing experts.               08:03AM

19            So for example, Mr. Steffes, Mr. Jennings, their       08:03AM

20   testimony is just going to be spread out amongst other experts  08:03AM

21   who have the same background and same expertise.  So what we    08:03AM

22   could do for the defense is identify which of these             08:03AM

23   paragraphs -- would that help, Laura?                           08:03AM

24            MS. MCCONWELL:  Yes.                                   08:03AM

25            MS. M. MILLER:  In the expert disclosures, we'll       08:03AM
```

1   go to which other individual witnesses and that will, I think,   08:03AM

2   resolve the issue, and we could do that before they testify.   08:03AM

3        MS. MCCONWELL:  That'll be great.  I just didn't   08:03AM

4   want to create an appearance that we were consenting to Randy   08:03AM

5   Brietzman being elevated to an expert witness because we're   08:04AM

6   not.   08:04AM

7        MS. M. MILLER:  Yeah, so Randy Brietzman is --   08:04AM

8   does have the expertise and, you know, he was going to testify   08:04AM

9   as a fact witness for MD Helicopters.  He is a pilot.  He's   08:04AM

10  been a pilot for more than 25 years, Your Honor, both with   08:04AM

11  military and as a private commercial pilot.  He has a   08:04AM

12  substantially similar background to Mr. Jennings, who was   08:04AM

13  disclosed as an expert.  We were not going to use   08:04AM

14  Mr. Brietzman as an expert.  We were going to use him as fact   08:04AM

15  witness regarding MD Helicopters, but since he is a 25-year   08:04AM

16  helicopter pilot, an expert in HO6's, worked for the FAA   08:04AM

17  previously, we're just, you know, combining a fact witness   08:04AM

18  with an expert witness to have him testify exactly to what   08:04AM

19  Mr. Jennings would have testified to.  We could call Jennings   08:04AM

20  and add another witness.  That would extend the government's   08:04AM

21  case to three weeks, which is fine.   08:04AM

22        MR. MARTIN:  The concern we have, Your Honor, is   08:04AM

23  not so much who they call but we want to know what they're   08:04AM

24  going to say.  We've been given all these reports but now   08:05AM

25  they've shuffled the deck on us.  I don't want to get up there   08:05AM

| | |
|---|---|
| 1 | that I'm holding an ace but we're cross-examining a joker, | 08:05AM |
| 2 | okay?  That's the problem.  We don't have expert reports from | 08:05AM |
| 3 | these people, since they've all been combined.  That's the | 08:05AM |
| 4 | concern I have. | 08:05AM |
| 5 | THE COURT:  All right. | 08:05AM |
| 6 | MR. MARTIN:  Not the number. | 08:05AM |
| 7 | MS. M. MILLER:  And I just said I would resolve | 08:05AM |
| 8 | that, Your Honor, by absolutely identifying which section and | 08:05AM |
| 9 | which expert disclosure is going to which witness so that | 08:05AM |
| 10 | there is no confusion and Counsel is readily available to | 08:05AM |
| 11 | address it. | 08:05AM |
| 12 | THE COURT:  That's good to know.  All right, | 08:05AM |
| 13 | fabulous.  That's good. | 08:05AM |
| 14 | MR. MCCONWELL:  While we're doing housekeeping on | 08:05AM |
| 15 | experts, they have a witness, Mr. Guzzetti, who may be here, | 08:05AM |
| 16 | there has been a representation that nine people have been | 08:05AM |
| 17 | killed involving these helicopters and presumably pointing at | 08:05AM |
| 18 | the causation of something that Hansen Helicopters or any of | 08:05AM |
| 19 | the defendants did.  We've not seen one -- and they're talking | 08:05AM |
| 20 | about the pitch link control on the tail rotor as being the | 08:05AM |
| 21 | cause.  We've not seen any evidence of a failure of a pitch | 08:06AM |
| 22 | link -- a tail rotor pitch link that's caused any accident, | 08:06AM |
| 23 | let alone a death.  And we're going to ask for a Daubert | 08:06AM |
| 24 | hearing and a motion in limine since that seems to be the way | 08:06AM |
| 25 | they're starting to do this and it's about half prepared right | 08:06AM |

 1   now, but I wanted to put the Court on notice that when he          08:06AM

 2   comes up, he's supposed to be one of the last witnesses before     08:06AM

 3   that -- long before that I would have filed a motion dealing       08:06AM

 4   with this, but you know, I'm kind of tired of hearing we've        08:06AM

 5   killed people, when I don't believe there is any evidence that     08:06AM

 6   that's occurred.  And I think that's a major issue that should     08:06AM

 7   be subject to a motion in limine and a hearing outside the         08:06AM

 8   jury before, but we should at least know what they're talking      08:06AM

 9   about.  We don't even know which people they claim were killed     08:06AM

10   by a pitch link failure, we don't know what the failure was,       08:06AM

11   what happened, which aircraft, no information.  And we did         08:06AM

12   file Daubert motions earlier and the Court said "Let's put it      08:06AM

13   off to the time of the trial" and we're here.                      08:06AM

14               MS. M. MILLER:  Anyway, Your Honor, what we did        08:06AM

15   with Mr. Guzzetti's testimony is, he prepared a summary chart      08:07AM

16   and his summary chart, which the defense has had since August     08:07AM

17   of 2020, identified every single accident, identified the NTSB     08:07AM

18   reports supporting the accidents, the FAA analysis supporting      08:07AM

19   the accidents, has identified every single piece of evidence      08:07AM

20   Mr. Guzzetti is relying on.  They had that information since       08:07AM

21   August of 2020, so it's a little insincere to say we're going     08:07AM

22   to file a motion in limine.  That time has passed for them to     08:07AM

23   file a motion in limine.                                           08:07AM

24               Additionally, Your Honor, the very first time we      08:07AM

25   did our trial brief, which, again, was more than two years ago    08:07AM

in anticipation of an earlier trial, we disclosed that we will

present evidence that nine people died and we also disclosed

which accidents we contend were caused by a failure of the

tail rotor pitch change link.  We've also disclosed through

Mr. Guzzetti's material evidence of pitch link failures and

what causes them and we've disclosed written communications

between the defendants where they are identifying and their

own pilots and mechanics are identifying problems with the

tail rotor pitch link.  They have all the evidence, they had

the evidence for years and we will move to strike any motion

that they file at this late date because they just haven't

been prepared.

THE COURT:  So let me just say this, it's not

before me, so I'm not going to discuss it.  When it gets

before me, I'll look at it, okay.

MR. MCCONWELL:  Thank you, Your Honor.

THE COURT:  As of right now, we're going to trial

full steam ahead.  And if -- let me just say this, if Counsels

are mindful of, you know, streamlining everything, we may not

have to go on Saturdays.  Let me just say that.  I did that

because, honestly, because Mr. Lujan likes to drag things out

and I'll be honest.  So you know, and so I was like, okay, I'm

going to put the pressure on and that's the truth.  So that's

just the way it goes.  And to the extent that I was able to

control him, things still got dragged out, so I just needed to

```
 1    make sure that everyone understands that when the jurors come        08:09AM
 2    here, each time they're here, I want them to be hearing              08:09AM
 3    evidence.  I don't want them to be waiting while we're doing         08:09AM
 4    motions.                                                             08:09AM
 5              So a reminder to all Counsels, if you haven't              08:09AM
 6    filed a motion and you're going to, make sure that your time         08:09AM
 7    really hasn't passed, number one.  There has been no waiver of       08:09AM
 8    any issues regarding that.  And number two, if there is a            08:09AM
 9    motion that I find worthy and of a hearing, then we will have        08:09AM
10    the hearing outside of the jury time.  But I'm going to stay         08:09AM
11    strict within the guidelines for the jury time because I            08:09AM
12    promised them all that.  Okay.                                       08:09AM
13              All right.  Are there any other issues before we           08:09AM
14    adjourn -- recess until 1:00?  Yes, Mr. Martin?                      08:09AM
15              MR. MARTIN:  Your Honor, it's not necessarily an           08:10AM
16    issue, but it'd be how the Court intended to advise the jury         08:10AM
17    that Mr. Kapp's no longer here, Mr. Crowe is no longer here,         08:10AM
18    Mr. -- the McConwells not represent Hansen.  I mean there is         08:10AM
19    kind of a housekeeping measure that we may want to consider.         08:10AM
20              THE COURT:  I'll prepare a -- I'll work with my            08:10AM
21    law clerk and I'll prepare something.                                08:10AM
22              MR. MCCONWELL:  Very well.                                 08:10AM
23              THE COURT:  What I'll do is I'll run it by you             08:10AM
24    all before we do it, see if there is any suggestions, or            08:10AM
25    amendments that you might have.  But it will be just very            08:10AM
```

| | | |
|---|---|---|
| 1 | neutral.  I mean I think that you won't mind me saying that | 08:10AM |
| 2 | Mr. Kapp has turned ill and that is unable to be here, and | 08:10AM |
| 3 | I'll say that I agree with that, I received word from his | 08:10AM |
| 4 | doctors and so I mean I could say that.  And then that -- then | 08:10AM |
| 5 | we'll talk just briefly about there has been -- now you are | 08:10AM |
| 6 | also representing -- you guys are representing Hansen | 08:10AM |
| 7 | Helicopters, that Mr. Perez will continue to represent | 08:10AM |
| 8 | Mr. Kapp.  Is there any other issue?  And Mr. -- what was his | 08:10AM |
| 9 | name that was here?  The witness? | 08:11AM |
| 10 | MS. M. MILLER:  Reed. | 08:11AM |
| 11 | THE COURT:  Reed.  Right, right.  Is he doing | 08:11AM |
| 12 | okay?  He's okay, right? | 08:11AM |
| 13 | MS. M. MILLER:  Yes. | 08:11AM |
| 14 | THE COURT:  He's sickly.  But he's okay?  He's | 08:11AM |
| 15 | able to come back? | 08:11AM |
| 16 | MR. LEON GUERRERO:  Yes, I've been in contact | 08:11AM |
| 17 | with his attorney, Attorney Pete Perez, so he'll be here this | 08:11AM |
| 18 | afternoon. | 08:11AM |
| 19 | THE COURT:  So I'll make sure we change the chair | 08:11AM |
| 20 | for him because the big chair is just too big for him and too | 08:11AM |
| 21 | heavy, so he needs a small chair and little more solid instead | 08:11AM |
| 22 | of leathery. | 08:11AM |
| 23 | Are there any other issues that I need to tell | 08:11AM |
| 24 | the jurors?  I'll tell -- I'll also remind the jurors that | 08:11AM |
| 25 | we'll stay on track on the time.  And that we're going to go | 08:11AM |

*Criminal Case No. 18-00010, USA v. Walker, et al.*

1  -- I'll say we're going to go through Monday through Friday --

2  no, we may go Saturdays, but it depends on the time limits.

3  But as of right now, we streamlined it pretty much.  I don't

4  want to take away their Saturdays, to be honest with you.

5           MS. M. MILLER:  Right.  And, Your Honor, I mean

6  after this week, I think that will be very telling.  If

7  Mr. Reed is off the stand today and if there isn't recross, I

8  think we can work it out where we just finish on Friday,

9  especially if we're not eating into the jury's time with late

10  filed motions.

11           THE COURT:  Well, you're not going to eat into

12  the jury's time, guaranteed.  I will tell you that.  If we

13  have to come in at 6 in the morning, we'll come.  I'll tell

14  you that now.  I mean it.  You guys know I mean it.  So, yes?

15           MR. MARTIN:  I don't remember how -- if we

16  advised the jury that Mr. Crowe had been severed or not, Your

17  Honor.

18           MS. M. MILLER:  We did.

19           MR. MARTIN:  And it's my recollection --

20           MS. M. MILLER:  You did.

21           THE COURT:  Emily says I did.  Okay.

22           MR. MARTIN:  That's --

23           THE COURT:  Any other housekeeping matter we need

24  to take care of?

25           MR. MARTIN:  No, Your Honor.

1        THE COURT:  Okay.  Well, I will see all of you,          08:12AM

2   that will give me a chance to take care of my law month          08:12AM

3   activity.  I'll see you at 1:00.  Take care.          08:12AM

4        MS. M. MILLER:  Yes, Your Honor.  Thank you.          08:12AM

5        THE COURT:  I'll make sure you get a copy of that          08:12AM

6   -- we're in recess.          08:12AM

7        (Recess taken at 8:13 a.m.)          08:13AM

8                              * * *

9   ----------------------------------------------------

10                 CERTIFICATE OF OFFICIAL REPORTER

11

12   CITY OF HAGATNA            )
                               )  ss.
13   TERRITORY OF GUAM         )

14

15        I, Veronica F. Flores, Official Court Reporter for

16   the District Court of Guam, do hereby certify the foregoing

17   pages, 1 to 31, to be a true and correct transcript of the

18   proceedings held in the above-entitled matter, to the best of

19   my ability.

20        Dated this 19th day of May 2022.

21

22                         /s/Veronica F. Flores
                          Veronica F. Flores
23

24

25

*Criminal Case No. 18-00010, USA v. Walker, et al.*