# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 18-00010 |
| Plaintiff, | |
| vs. | **ORDER OVERRULING OBJECTION TO PROPOSED LIMITING INSTRUCTION** |
| JOHN D. WALKER aka JON WALKER, KENNETH R. CROWE, PHILLIP T. KAPP, HANSEN HELICOPTERS, INC., | |
| Defendants. | |

## I. Background

The court issued an order on May 13, 2022, granting the United States' motion to exclude the erroneous legal argument that 49 U.S.C. § 46306(b)(8) permits the employment of airmen with foreign certificates. ECF No. 1535. It also prohibited Defendants from arguing their "void ab initio" theory in front of the jury, because the validity of the registrations of Defendants' aircraft is not relevant to any of the charges and the argument that their invalidity requires a verdict of not guilty because this court supposedly does not have jurisdiction would confuse the jury. *Id.* at 13. The court did not prohibit any specific line of questioning by Defendants, however, and Defendants have taken the opportunity to ask witnesses questions where the only

1

relevancy would be to their void ab initio theory.

In light of Defendants' questions, the government requested a limiting instruction be provided as soon as possible. ECF No. 1552. The court found during the motions hearing on May 31, 2022 that because Defendants are raising the specter of arguments that they will be prohibited from making during closing per the court's order, the jury may be confused and an instruction at this time is appropriate.

The proposed instruction is as follows:

> Ladies and gentlemen of the jury, based on my recent legal rulings, I will now instruct you on the law that applies to this case, and further instruct you to disregard any evidence or argument contrary to the law.
>
> First, you are instructed that this Court has jurisdiction over all of the charges contained in the Second Superseding Indictment.
>
> Second, you are instructed that United States law requires pilots and mechanics to possess Federal Aviation Administration certification to operate or repair aircraft registered with the United States.
>
> Third, you are instructed that the type of use of their aircraft by Defendants is not a legal excuse to their compliance with federal law.
>
> Fourth, I instruct you to disregard any argument stating Defendants' aircraft registrations were "invalid," "invalid from inception," or "void *ab* initio."

During the motions hearing held on May 31, 2022, Defendant Walker objected to the instruction on the grounds that the instruction concerning certification of pilots and mechanics under 49

2

Case 1:18-cr-00010 Document 1579 Filed 06/01/22 Page 2 of 5

U.S.C. § 46306(b)(8) would constitute a constructive amendment of the Second Superseding Indictment.

**II.    Legal Standard**

"The court may not substantially amend the indictment through its instructions to the jury." *United States v. Stewart Clinical Lab, Inc.*, 652 F.2d 804, 807 (9th Cir. 1981) (citations omitted). "An indictment is amended when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them." *United States v. Blessett*, Nos. 19-10328, 19-10351, 2022 WL 1078096 at *2 (9th Cir. Apr. 11, 2022) (internal quotations omitted). "[A] constructive amendment [has] occurred [when] the crime charged in the indictment was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Davis*, 854 F.3d 601, 605 (9th Cir. 2017) (internal quotation omitted). Examples of such amendments are when a court causes such substantial changes as adding an alternative element for conviction (*Davis*, 854 F.3d) or changing the required mens rea for an offense (*id.* at 605, citing *United States v. Lockhart*, 844 F.3d 501 (5th Cir. 2016)).

**III.    Analysis**

Referring to Paragraph 112 of the Second Superseding Indictment, the grand jury indicted Defendants Walker, Reed, Crowe, and Kapp for employing "individuals who did not have a mechanic's certificate *authorizing the individual to serve in that capacity*, in violation of Title 49, United States Code, Section 46306(b)(8) and Title 14, Code of Federal Regulations Section 43" "*in the district of Guam*." ECF No. 862. Paragraph 114, the corresponding paragraph under Counts 94 and 95, shows that the grand jury indicted the individual Defendants for employing pilots "who did not have a pilot's certificate authorizing the individual to operate FAA registered helicopters in violation of Title 49, United States Code, Section 46306(b)(8) and

3

Title 14, Code of Federal Regulations Section 43," also "*in the district of Guam.*" *Id.*

It is far from "impossible to know whether the grand jury would have indicted for the crime" of employing a mechanic or pilot without an FAA certificate. First of all, the Second Superseding Indictment specifies that the employment took place in the district of Guam. A grand jury might not have knowledge of the intricacies of the regulatory scheme concerning airmen certificates, but common sense dictates that a grand jury in federal court in Guam, a U.S. territory, indicted for a failure to have a U.S. certificate.[1] *United States v. O'Donnell*, 608 F.3d 546, 555 (9th Cir. 2010) (internal quotation omitted) ("[A]n indictment should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied.").

Second of all, the Second Superseding Indictment cites to 49 U.S.C. § 49306(b)(8). This court has interpreted that law to require an FAA certificate. *See* Order at 2–7, ECF No. 1535. It is not the role of grand juries or defendants to interpret the law. Rather, "once Congress has spoken it is 'the province and duty of the judicial department to say what the law is.'" *Diamond v. Chakrabarty*, 447 U.S. 303, 315 (1980) (quoting *Marbury v. Madison*, 5 U.S. 137, 177 (1803)).

Third and most importantly, if the court were amending the Second Superseding Indictment with its proposed instruction, that would have to mean that the grand jury believed that, under 49 U.S.C. § 49306(b)(8), foreign certificates were permissible *in addition* to American ones. It would be absurd to surmise that the grand jury thought that 49 U.S.C. § 49306(b)(8), an *American* statute on its face prohibiting the employment of uncertificated mechanics, would allow *foreign* certificates but prohibit *American* ones. *See O'Donnell*, 608 F.3d at 555.

Even if the grand jury had understood 49 U.S.C. § 49306(b)(8) to permit foreign and

---

[1] Paragraph 114 even references the FAA specifically. Second Superseding Indictment, ECF No. 862.

4

domestic certificates, seeing as they *indicted* Defendants for Counts 14 through 95, that would have to mean they found probable cause that Defendants' employee-mechanics and pilots had *no* certificates *at all*, including foreign ones. *See Kaley v. United States*, 571 U.S. 320, 328 (2014) (internal quotations omitted) ("[A]n indictment fair upon its face, and returned by a properly constituted grand jury, we have explained, conclusively determines the existence of probable cause to believe the defendant perpetrated the offense alleged."). The instruction proposed by the court would not contravene that finding. Therefore, any attempt to understand the intention of the grand jury regarding Counts 14 through 95 must yield the result that they intended to indict Defendants for employing mechanics without FAA certificates.

## IV. Conclusion

The court's May 13, 2022 order did not add to or change any elements of § 46306(b)(8), and an instruction in accordance with that order would also not alter the elements of § 46306(b)(8). The Second Superseding Indictment specifies that the certificate the mechanics and pilots needed to hold would have been one "authorizing [them] to serve [as mechanics]" "in the district of Guam." The court's May 13, 2022 order clarified that such a certificate can only be one provided by the FAA. As such, the court hereby OVERRULES Defendant Walker's objection, and shall instruct the jury with the proposed instruction.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
  **Chief Judge**
**Dated: Jun 01, 2022**