# THE DISTRICT COURT OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 18-00010-1 |
| --- | --- |
| Plaintiff, | CRIMINAL CASE NO. 18-00010-6 |
| vs. | **ORDER GRANTING MOTION TO DISMISS PETITION OF INTEREST AND GRANTING LEAVE TO AMEND PETITION** |
| JOHN D. WALKER, aka JON WALKER, and HANSEN HELICOPTERS, INC., | |
| Defendants. | |

Before the court is the government's Motion to Dismiss Petitioner Pacific.Spotters Corporation's Petition of Interest/Request for Hearing or, In the Alternative, Motion for Expedited Discover (ECF No. 1966) ("Motion").

**I.    BACKGROUND**

On January 8, 2021, Defendants John D. Walker and Hansen Helicopters, Inc. were charged with, among other charges, Aircraft Parts Fraud, Wire Fraud, and Conspiracy to Commit Wire Fraud in violation of 18 U.S.C. § 38(d)(1)(A), 18 U.S.C. § 1349, and 18 U.S.C. §§ 1343 & 1346, respectively. *See* ECF No. 862. In the Second Superseding Indictment, there was also a Notice of Forfeiture, giving notice to Defendants that the United States intends to pursue forfeiture proceedings on certain property owned by Defendant. At issue in this proceeding is the

following property:

- A seized helicopter with the FAA registration number N500LA (currently registered as RPC-4915)
- A seized helicopter with the registration number RPC-4910 ("the Helicopters")

On September 29, 2022, Defendants Walker and Hansen Helicopters and the Government filed a Stipulation for Preliminary Order of Forfeiture (*see* ECF No. 1812) ("the Stipulation"), and the court approved said stipulation the same day (*see* ECF No. 1813). Therein, the court ordered that "[a]ny person, other than the [defendants], asserting a legal interest in the . . . Properties may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his/her alleged interest in the . . . Properties, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. §853." Order at 4, ECF No. 1813.

Third-party claimant Pacific.Spotters timely petitioned the court to adjudicate its interest on June 13, 2023. *See* ECF No. 1954 ("the Petition"). Therein, Pacific.Spotters asserts that it has an ownership interest in the Helicopters. The government filed a Motion to Dismiss Petitioner Pacific.Spotters Corporation's Petition of Interest/Request for Hearing or, In the Alternative, Motion for Expedited Discovery. *See* ECF No. 1966 ("the Motion").

In the Motion, the government makes two arguments for dismissal of the Petition. First, the government argues that the Petition fails to state a claim under 21 U.S.C. § 853(n). Second, the government argues that Pacific.Spotters is an alter ego of Defendants and is therefore not "[a]ny person, other than the . . . Defendants," which means it is bound by the Stipulation.

## II. LEGAL STANDARD

Section 853(n)(3) of Title 21 of the United States Code states,

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

## III. DISCUSSION

Cherry A. C. Espion, the Corporate Secretary of Pacific.Spotters, signed the Petition under penalty of perjury. *See* Pet. at 2, ECF No. 1954. The Petition states that Pacific.Spotters' interest is an ownership interest, and that it acquired this interest in November 2018.

The Petition states the nature (i.e., ownership), but not the extent of its interest in the Helicopters. The statute requires both. The Petition states the time (i.e., November 2018), but not the circumstances of its acquisition of its ownership interest. Again, the statute requires both. The Petition also does not specify what relief is sought beyond that the court "set a hearing for an ancillary proceeding to determine the forfeitability of these seized helicopters." Pet. at 2, ECF No. 1954. The Petition should state what relief will be sought by Pacific.Spotters via the ancillary proceeding. Finally, there are no "additional facts supporting the petitioner's claim" alleged, leaving the court in the dark about the grounds upon which Pacific.Spotters seeks to assert its interest in the Helicopters. Because the Petition does not satisfy the requirements of 21 U.S.C. § 953(n)(3), the Motion is hereby GRANTED.

Pacific.Spotters has asked that it be allowed to amend its Petition if the court finds it does not meet the pleading requirements of § 853(n)(3). *See* Resp. at 7, ECF No. 1997.[1] Because the deficiencies are somewhat minor, the court hereby grants this request and gives Pacific.Spotters

---

[1] The page citations throughout this Order are based on the page numbering provided by the CM/ECF system.

the opportunity to amend its Petition. *See United States v. Swartz Fam. Trust*, 67 F.4th 505, 519 (2nd Cir. 2023) (permitting amendment in part when defect was deficient due to a "technical issue"); *United States v. Furando*, 40 F.4th 567, 579–80 (7th Cir. 2022) (permitting amendment of petition because 21 U.S.C. § 853(o) requires liberal construction of § 853(n) to effectuate § 853's remedial purposes and § 853(n) is "the only appropriate route for relief"). Any amended petition that Pacific.Spotters elects to file shall be filed no later than August 9, 2023.

The government has requested that, if the court grants the motion to dismiss and permits Pacific.Spotters to amend its Petition, that discovery be permitted to resolve the issue of whether Pacific.Spotters is an alter ego of Defendants Walker and/or Hansen Helicopters. Reply at 7–8, ECF No. 2009. The court concurs with the government that, if Pacific.Spotters is an alter ego of Defendant Walker, it may not defeat forfeiture of the Helicopters by asserting an ownership interest. *See* Stipulation ¶ 6, ECF No. 1812 ("Defendant John D. Walker . . . stipulate that . . . . the United States has established that the [] Helicopters . . . are property constituting, or derived from, any proceeds that Walker *or Walker's alter egos* obtained, directly or indirectly, as the result of the aircraft parts fraud . . . or . . . wire fraud and conspiracy to commit wire fraud.") (emphasis added). The court concurs with Pacific.Spotters that its evidentiary rulings during trial are not preclusive on this issue. *See* Resp. at 10–11, ECF No. 1997. As such, should Pacific.Spotters file an amended petition that satisfies the requirements of § 853(n)(3), the court will GRANT the government's request and permit discovery so that this issue can be resolved on a motion for summary judgment or a hearing on an amended petition. *See* Fed. R. Crim. P. 32.2(c)(2)(B).[2]

The hearing on the motion to dismiss set for August 8, 2023 is hereby VACATED. The

---

[2] The government may file a new motion to dismiss any amended petition that is filed, but if said motion presents matters outside the amended petition, it will be treated as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).

court sets a status hearing for August 16, 2023 at 8:00 a.m.[3] The government shall meet and confer with Pacific.Spotters before the hearing about discovery deadlines. If no amended petition is filed by August 9, 2023, however, the August 16, 2023 hearing shall be automatically vacated.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
　　**Chief Judge**
**Dated: Aug 02, 2023**

---

[3] The proceeding shall be in-person for on-island counsel. Off-island counsel may participate via Zoom.