SHAWN N. ANDERSON
United States Attorney
BENJAMIN K. PETERSBURG
Assistant U.S. Attorney
MARIE L. MILLER
Special Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN D. WALKER,<br>  aka JON WALKER, and<br>HANSEN HELICOPTERS, INC.,<br><br>Defendants. | CRIMINAL CASE NO. 18-00010<br><br>**PRELIMINARY ORDER OF FORFEITURE FOR SUBSTITUTE ASSETS** |

Having reviewed the Government's Motion for a Preliminary Order of Forfeiture for Substitute Assets,[1] in which the government seeks the forfeiture of property of the Defendant John D. Walker ("Defendant") in partial satisfaction of the outstanding portion of the forfeiture money judgments that were imposed as part of the Defendant's criminal sentence; and

---

[1] Defendant John D. Walker filed a partial opposition to the motion. *See* ECF No. 2450. He is not contesting the designation of the PSC Stock and the Outstanding Loan Proceeds as substitute assets, but he is contesting the forfeiture of the balance in bank account ending 0132. He argues that the bank account does not belong to him. The court agrees with the Government that Defendant Walker has no standing to contest this issue. And even if he does, 21 U.S.C. § 853(p)(2) does not require a finding of ownership before entering a preliminary order of forfeiture. *See United States v. Gordon*, 710 F.3d 1124, 1167 (10th Cir. 2013), quoting Stefan D. Cassella, *Asset Forfeiture Law in the United States* (2d ed.), § 22-3 ("[T]he court does not determine that [a] substitute asset belongs to the defendant when it includes it in the preliminary order of forfeiture; rather, the requirement in § 853(p)(2) that the substitute asset be 'property of the defendant' is satisfied by allowing third parties to contest the forfeiture of the property in the ancillary proceeding pursuant to § 853(n) and Rule 32.2(c).'").

1

Finding that the following property (hereafter the Subject Property) is the property of the Defendant:

1) 640,000 shares of common stock in Pacific.Spotters Corporation;

2) The balances owed to John D. Walker on four outstanding loans described as follows:

a) the Loan Document executed on June 1, 2020, between John D. Walker and Cherry Ann Espion for a loan of 26,000,000 Philippine pesos, with an outstanding balance due of approximately $232,811.45 USD;

b) the Loan Document executed on June 1, 2020, between John D. Walker and Oswald D. Espion for a loan of 26,000,000 Philippine pesos, with an outstanding balance due of approximately $232,811.45 USD;

c) the Loan Document executed on June 1, 2020, between John D. Walker and Antonio S. Padua for a loan of 26,000,000 Philippine pesos, with an outstanding balance due of approximately $232,811.45 USD; and

d) the Loan Document executed on June 1, 2020, between John D. Walker and Jeoffrey S. Sarimos for a loan of 26,000,000 Philippine pesos, with an outstanding balance due of approximately $232,811.45 USD; and

3) The balance in bank account number 0000057850132 held in the name of Pacific.Spotters Corporation Security Bank; and

Finding that the value of the Subject Property, *in toto*, does not exceed the amount that the Defendant will continue to be liable to pay on the forfeiture money judgments even after being credited with the proceeds of the sale of the specific assets that were ordered to be forfeited in this court's previous orders of forfeiture; and

Finding that the Government has satisfied the criteria set forth in 21 U.S.C. § 853(p) necessary to support the forfeiture of substitute assets;

2

**IT IS HEREBY ORDERED THAT:**

1. Pursuant to Rule 32.2(e), F.R.Crim.P., the previously entered orders of forfeiture are amended to include the forfeiture of the Subject Property as substitute assets.

2. To the extent that any of the Subject Property is in the custody Pacific.Spotters Corporation, a third party to this criminal case, and is located outside of the United States, the Corporation is directed to repatriate the property to the United States and to the custody of IRS-CI ("the property custodian"), without prejudice to the Corporation's right to contest the forfeiture of any or all of the Subject Property in an ancillary proceeding pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c).

3. Upon the entry of this Order, in accordance with Rule 32.2(b)(3), the United States is authorized to seize the Subject Property, and to conduct any discovery that may assist in identifying, locating or disposing of the Subject Property, any property traceable thereto.

4. With respect to the shares of common stock, the Government, through the property custodian, shall take steps to determine the fair market value of the forfeited shares and shall determine the best method for reducing such shares to cash, including determining whether Pacific.Spotters Corporation may want to reacquire the shares. With the approval of the court, the sale of the shares of common stock may take place before this order becomes final at the conclusion of the ancillary proceeding, or as part of the settlement of a claim filed by Pacific.Spotters Corporation in the ancillary proceeding.

5. With respect to the forfeited loan obligations, the Government, through the property custodian, is authorized to negotiate and accept a lump sum payment from the debtor that would satisfy the loan obligation without the Government's having to monitor and collect loan payments until the final payments are due in 2030.

3

6. Upon entry of this Order, the United States shall publish notice of the order and its intent to dispose of the Subject Property on the Government's internet website, www.forfeiture.gov. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. *See* Rule 32.2(c). The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Government attorney to be served with the petition. *See* Rule 32.2(b)(6).

7. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the receipt of notice, or within 60 days of the first publication of notice on the internet website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) and 28 U.S.C. § 2461(c).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. If a petition is filed by a third party, and after the disposition of any motion filed under Rule 32.2(c)(1)(A) and before a hearing on the petition, the parties may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

11. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Rule 32.2(c)(2).

**SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
       **Chief Judge**
**Dated: Jun 08, 2026**